(No. 26357.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JEAN MAGGI, Plaintiff in Error.

*Opinion filed January 20, 1942.*

RINGER, REINWALD & SOSTRIN, (PHILIP E. RINGER, and MORRIS SOSTRIN, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, (ALBERT E. HALLETT, of counsel,) for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

An information filed in the municipal court of Chicago charged plaintiff in error, Jean Maggi, with the violation of an act entitled "An act in relation to minimum fair wage standards for women and minors and providing penalties for the violation thereof." (Ill. Rev. Stat. 1941, chap. 48, par. 198.) In a trial before the court without a jury, plaintiff in error was found guilty and a fine of $25 was imposed. The Appellate Court affirmed the judgment (310 Ill. App. 101) and a writ of error has been sued out of this court for a further review of the record.

Plaintiff in error, a licensed beauty culturist, operated a beauty shop in Chicago in which she employed three licensed operators. The specific charge of the information is that plaintiff in error violated section 4 of the act, paragraph 201, the pertinent parts of which are that the Department of Labor shall have full power and authority: (1) To investigate and ascertain the wages of women and minors employed in any occupation in the State; (2) to

enter the place of business of any employer of women and minors in any occupation for the purpose of examining and inspecting books, pay-rolls and any other records appertaining to or having a bearing upon the question of wages of any such women or minors, and for the purpose of ascertaining whether the orders of the department have been and are being complied with; (3) to require from such employer full and correct statements in writing, when the department deems necessary, of the wages paid to all women and minors in his employment.

The act makes provision for the appointment of a wage board whose duty it is to investigate and submit reports to the Department of Labor with recommendations as to minimum fair wage standards for women and minors. Pursuant to such authority the wage board adopted a minimum fair wage order for such persons which applies to registered beauty culturists, manicurists, desk clerks or shop managers employed in a beauty shop and fixes their minimum weekly wage at $16.50. The minimum wage for other classes of labor employed in such occupation is fixed by the order at a lower rate.

It was stipulated that an inspector for the Department of Labor requested an opportunity to examine plaintiff in error's books and records with respect to wages being paid employees in her beauty shop and that such request was denied. She claims exemption from the act on the ground that the employment of beauty culture operators is not within the purview of the act. In support of this contention it is argued that the act is penal and must be strictly construed, that it can not be extended to include the practice of a profession. In this connection it is urged that the work of a licensed beauty culturist is the practice of a profession.

The statute does not specify the particular occupations included within its terms, nor does it by express language make its applicability to a particular occupation depend

upon its being non-professional in character. The fifth paragraph of section 2 defines occupation to mean: "An industry, trade or business or a branch thereof, or a class of work therein in which women or minors are gainfully employed, but does not include domestic service in the home of the employer or labor on a farm."

The term industry as defined in Webster's Dictionary is as follows: "Any industry or branch of art, occupation or business; esp., one which employs much labor and capital and is a distinct branch of trade; as the sugar industry." The term trade, when used in a commercial sense, refers to the business of selling or exchanging some tangible substance or commodity for money, or the business of dealing by way of sale or exchange in commodities. It is often used in another sense as referring to occupation or business carried on for subsistence or profit. Anderson's Dictionary of Law says, trade is "Generally equivalent to occupation, employment or business, whether manual or mental; any occupation, employment or business carried on for profit, gain or livelihood not in the liberal arts or in the learned professions." A similar definition is given by the Encyclopedia Dictionary. The word business is defined in Webster's Dictionary as "That which busies, or engages time, attention or labor as a principal serious concern or interest. Specif.: a. Constant employment; regular occupation; work; as the business of life, business before pleasure. b. Any particular occupation or employment habitually engaged in, esp. for livelihood or gain. In 6 Cyc. 259, it is defined as that which occupies the time, attention and labor of man for the purpose of a livelihood or profit; * * * that which one does for a livelihood; * * * employment or occupation in which a person is engaged to procure a living; any particular occupation or employment for a livelihood or gain."

The words used to fix the meaning of the term occupation are almost as flexible in meaning and comprehensive

in scope as the word which they are used to define. The primary purpose of statutory construction is to ascertain the intention of the legislature and in determining such intent it is proper for the courts to consider the language used, the evil to be remedied and the object to be attained. *Coon* v. *Doss,* 361 Ill. 515; *People* v. *Continental Illinois Bank,* 360 id. 454; *People* v. *Hughes,* 357 id. 524.

The title of the act and section 1 thereof clearly indicate a legislative intent to protect women and minors in their employment against the greed of some employers. In section 1 it is stated that inadequate wages for such persons are of such vital public concern that a minimum wage should be fixed by law. The purpose of the act as thus stated being so apparent, the scope of its application should not be so limited by construction as to defeat the general purposes of the act. If the legislature considered that the evils which this act was intended to remedy were present in the general practice of beauty culture, there is no reason why this occupation could not be brought within the act.

Plaintiff in error rests her case upon the proposition that the practice of beauty culture is the pursuit of a profession and that the professions are not subject to the act. It is not necessary to a decision in this case to make any pronouncement upon the applicability of the statute to any other occupations whether they be professional or nonprofessional in character. The conclusions reached in this case are limited to the occupation of beauty culture and it is our conclusion that it is within the scope of the act.

There being no other error assigned, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*