**Herman ROSS and Hubert Garner,**
**Plaintiffs-Appellants,**

v.

**LAKE CITY EQUITY FINANCE COR-**
**PORATION, an Illinois corporation,**
**Defendant-Appellee.**

**No. 17411.**

United States Court of Appeals,
Seventh Circuit.

March 23, 1970.

Philip L. Bransky, Chicago, Ill., Hon-igman, Miller, Schwartz & Cohn, De-troit, Mich., for appellants, Asher Rabi-nowitz, Detroit, Mich., of counsel.

Samuel Morgan, Arnold J. Karzov, Chicago, Ill., for appellee.

Before KNOCH and CASTLE, Senior Circuit Judges and KILEY, Circuit Judge.

KNOCH, Senior Circuit Judge.

Plaintiffs-appellants, Herman Ross and Hubert Garner, brought their action

1

in the United States District Court against Lake City Equity Finance Corporation, defendant-appellee, to recover double damages under the Illinois usury statute, Ill.Rev.Stat. Ch. 74, §§ 4–6. Jurisdiction was based on diversity of citizenship. Plaintiffs are residents of Michigan. Defendant is an Illinois corporation.

Plaintiffs-appellants have appealed from grant of motion for summary judgment in favor of defendant.

The facts are briefly as follows. In May, 1967, defendant agreed to lend plaintiff Hubert Garner and one Irving Stollman $190,000 to be repaid in one year with interest at 1½% per month plus a "service fee" of $20,000.

Plaintiffs' complaint below incorporated a copy of the application for this loan. The application states that the purpose of the loan is "to purchase land for Peru Mall Shopping Center." Plaintiffs explain that this meant acquisition of about thirty acres of vacant land as no shopping center yet existed.

In the course of negotiating the loan, Messrs. Garner and Stollman stated that the proceeds would be used solely to buy the tract of land in Peru, Illinois, on which the shopping center was to be built. In an affidavit executed by them, they said they were engaged in the business of construction and of buying and selling real estate, in connection with which it was necessary from time to time for them to borrow funds and that they currently needed $190,000 which they sought to borrow from defendant, with the understanding that this would be a business loan within the meaning of the statutes of Illinois respecting interest.

Defendant advanced some $75,500 to buy the land, which defendant's nominee used to acquire title to the vacant land. Defendant held the deed conveying title as security for repayment.

In November 1967, Mr. Stollman conveyed his interest in the realty to plaintiff Hubert Garner and assigned to both plaintiffs all his right, title and interest in the loan, including any refund which might become due from defendant.

The following month plaintiffs allege they paid defendant $97,290.03, which included interest arrearages, $1000 attorneys' fees, and the $20,000 service fee. Plaintiffs contend that $32,087.56 of this sum was a usurious charge for which they claim double damages.

The motion for summary judgment was supported by an affidavit of defendant's president Joseph R. Miller, to the effect that this was a business loan as indicated by the application and affidavit described above, and was thus specifically exempted under the Illinois usury law.

Plaintiffs argue that defendant did not meet the burden of showing (1) the absence of any genuine issue of material fact, and (2) that it is entitled under applicable substantive law to a judgment as a matter of law.

Plaintiffs argue that the loan in question was clearly for a speculative venture and did not fall within the business loan exemption:

"any business loan to * * * a person owning and operating a business as sole proprietor or to any persons owning and operating a business as joint venturers * * * transacted solely for the purpose of carrying on or acquiring the business of such * * * joint venture * * * or persons." Ill.Rev.Stat. Ch. 74 § 4(c).

but that in any case the exemption should be strictly construed with all doubts resolved against the exception.

Plaintiffs' view is that the references to the construction business and to buying and selling real estate were all irrelevant because the loan was acquired only to purchase a single parcel of vacant land for possible development as a shopping center (which was never built) with a mere legal conclusion that this was a business loan. However, we cannot consider the success or failure of the particular project in view in construing this statute. Lyon Lumber Co. v. Harrison, 7 Cir., 1940, 113 F.2d 443, 447.

The affidavit was prepared by defendant according to Mr. Garner's affidavit filed by plaintiffs in opposition to the motion for summary judgment, and plaintiffs argue that affidavits can be drafted to convert any transaction into a business loan and thus circumvent the usury statute.

However, in this counter-affidavit with reference to the motion for summary judgment, plaintiffs did not actually repudiate the affidavit signed by Mr. Garner and Mr. Stollman as false. Plaintiffs stated that the affidavit was signed by them because it was required by the defendant and that the loan sought would not have been forthcoming without that affidavit. The plaintiffs do not say, for example, that the loan applicants deliberately signed a false statement in order to secure a loan with the full knowledge of the defendant. On appeal, plaintiffs sought rather to explain away the various statements in the loan application and its supporting affidavit as irrelevant, inapplicable or surplusage. Thus there was no showing of a genuine issue of controverted fact for trial. Rule 56(e), Federal Rules of Civil Procedure. Durovic v. Palmer, 7 Cir., 1965, 342 F.2d 634, 637, and cases there cited, cert. den. 382 U.S. 820, 86 S.Ct. 48, 15 L.Ed.2d 66.

■ Defendant moved to dismiss the appeal on the ground that it is only here that plaintiffs have raised the issue of whether or not this was a business loan. We agree that the issue was not squarely raised below where plaintiffs' main argument dealt with the constitutionality of the exemption in the usury statute. The motion to dismiss the appeal should therefore be granted.

We have, nevertheless, given careful consideration to the issue raised here. We conclude that accepting plaintiffs' narrow construction of the word "business" would defeat the purpose of the legislation. See People v. Maggi, 1942, 378 Ill. 595, 599, 39 N.E.2d 317 and cases there cited, where the Court said that the primary purpose of statutory construction was to ascertain the intention of the legislature; to consider the language used, the evil to be remedied and the object to be obtained. See also Svithiod Singing Club v. McKibbin, 1942, 381 Ill. 194, 197–198, 44 N.E.2d 904.

It is apparent that the legislature sought to provide for unincorporated businesses for whose large scale financing funds would not be readily available absent special provision such as this exemption in the usury statute. The affidavit of the loan applicants, on which defendant relied, did bring the loan within the scope of § 4(c).

Appeal dismissed.

KILEY, Circuit Judge (concurring).

I concur in the dismissal of the appeal, but since the appeal is being dismissed, I withhold concurrence in the majority's discussion of the construction of the business loan exception to the Illinois usury statute.