

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 25, 1972

Hon. M. H. Crabb, Secretary
Texas State Board of Medical
  Examiners
1612 Summit Avenue, Suite 303
Fort Worth, Texas  76102

Dear Dr. Crabb:

Opinion No.  M-1192

Re: Whether the piercing
    of ears by a lay person
    or organization for
    monetary or other con-
    sideration constitutes
    the "practice of medi-
    cine" within the meaning
    of Article 4510, Vernon's
    Civil Statutes?

      Your recent letter requesting the opinion of this office concerning the referenced matter states as follows:

      "The Texas State Board of Medical Examiners in Executive Session on Saturday, July 22, 1972, passed a Resolution requesting an Opinion as to the legality of a lay-organization or a lay-person not licensed to practice the Healing Arts can legally pierce ears where a charge is made for the service, or where the service is provided as a consideration for the purchase of the earrings, constitutes the practice of medicine as defined in Article 4510, Revised Civil Statutes of Texas."

      Article 4510, Vernon's Civil Statutes, provides as follows:

      "Any person shall be regarded as practicing medicine within the meaning of this law:

      "(1) Who shall publicly profess to be a physician or surgeon and shall diagnose, treat, or offer to treat, any disease or disorder, mental

-5820-

or physical, or any physical deformity or injury,
by any system or method, or to effect cures
thereof; (2) or who shall diagnose, treat or
offer to treat any disease or disorder, mental
or physical or any physical deformity or injury
by any system or method and to effect cures
thereof and charge therefor, directly or indirectly,
money or other compensation. . . ."

The legal question presented by your request is one
of first impression in this State.

We take notice of the fact that the reason persons,
primarily females, desire to have their ears pierced is so
they will be able to wear certain styles of earrings which,
absent such piercing, could not be attached to their ear lobes.

Article 4510, supra, speaks in terms of an unlicensed
layman's treating a physical or mental "disease, disorder,
deformity, or injury". We fail to see how the piercing of ears
can possibly constitute treatment of a "disease, disorder,
deformity, or injury" within the meaning of that Article.

We believe the rationale applicable to our holding
is best expressed in the analogous case of People v. Lehrman,
296 N.Y.S. 580 (N.Y.App.Div. 1937). There, the defendant was
indicted for unlawfully practicing medicine. In her regular
course of business, she operated a beauty parlor and removed
hair from females' faces by means of the electrolysis process.
In overturning her conviction, the court held that: "Practices
such as this have always been held to be matters of personal
taste and adornment and not connected with the practice of
medicine." 296 N.Y.S. at 581.

For other holdings to the same effect, see Engel v.
Gerstenfeld, 171 N.Y.S. 1084 (N.Y. App.Div. 1918); People v.
Maggi, 33 N.E.2d 925 (Ill.App.Div. 1941), aff'd 39 N.E.2d 317
(Ill.Sup. 1942); and 56 A.L.R.2d 904 (1957).

In view of the foregoing authorities, you are advised that the piercing of ears by a lay person or organization for monetary or other consideration does not constitute the "practice of medicine."

You are further advised that any medical treatment of the ear lobe, should the same be required as the result of the initial piercing of the lobe, would constitute the "practice of medicine". We are not advised that such medical treatment is ordinarily required or to be reasonably expected as the result of this practice.

### S U M M A R Y

The piercing of ears by a lay person or organization for monetary or other consideration does not constitute the "practice of medicine", within the meaning of Article 4510, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jim Swearingen
Bill Flanary
Bob Gauss
Scott Garrison

Dr. M. H. Crabb, page 4,          (M-1192)


SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant