Elmo E. KOOS, Sr., et al.,
Plaintiffs,

v.

FIRST NATIONAL BANK OF PEORIA, ILLINOIS, a National Banking Association, Defendant.

No. P–CIV–72–68.

United States District Court,
S. D. Illinois, N. D.

May 25, 1973.

John F. Sloan, Peoria, Ill., for plaintiffs.

Carroll Baymiller, Peoria, Ill., for defendant.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

Plaintiff borrowers filed a complaint and purported class action on behalf of themselves and all persons similarly situated against defendant lender for recovery of double the interest paid on loans upon which interest allegedly was charged in excess of the rate permitted by law. Upon motion to dismiss, based upon a statutory exception to the Illinois usury statute, this court dismissed the complaint, granting leave to amend. Plaintiffs having filed an amended complaint, defendant again moves to dismiss, raising the same statutory exception to Illinois usury provisions. (Ill.Rev.Stat. ch. 74, § 4.)

Jurisdiction is predicated upon 28 U.S.C. §§ 1331(a), 1355. The case arises under 12 U.S.C. §§ 85, 86, wherein a knowing violation of a state usury law by a national bank is a violation of federal law.

Pursuant to Rule 23(c)(1), F.R. Civ.P., the court at this time concludes that this action is not maintainable as a class action. The prerequisites set forth in Rule 23(a) have not been satisfied. Plaintiffs' claims here, involving transactions possibly excepted from the usury provisions, involve atypical claims on the general proposition of possible usury arising from computation of interest on a 360-day year. Further, under the circumstance here that plaintiff has pledged security in the form of savings and loan shares and life insurance cash values, there is nothing to indicate that those similarly situated would be so numerous that joinder of all would be impracticable.

Turning to the merits of plaintiffs' claim, the pertinent language of the Illinois statute is as follows:

" § 4. * * *

* * * It is lawful to charge, contract for, and receive any rate or amount of interest or compensation with respect to the following transactions:

* * * * * *

(b) Advances of money, repayable on demand, to an amount not less than $5,000, which are made upon warehouse receipts, bills of lading, certificates of stock, certificates of deposit, bills of exchange, bonds or other negotiable instruments pledged as collateral security for such repayment, if evidenced by a writing; * * * *"
Ill.Rev.Stat. ch. 74, § 4.

It is alleged and undisputed with reference to the Note here (Exhibit A attached to the amended complaint) that the advance of money to plaintiffs by the defendant was payable on demand, was for an amount over eleven times $5,000, and was made on the security of savings and loan shares and life insurance cash

values, all evidenced by writing. The only issue on the statute is whether these pledged securities are "certificates of stock" or "certificates of deposit," or something else which is within the meaning of the above statutory language.

This court finds no difficulty whatsoever in holding that the savings and loan shares and life insurance cash values come within the above exception. The statute is quite apparently designed to protect only relatively small, personal, non-business borrowers from high interest rates, and this exception speaks in very general terms as to various types of relatively liquid collateral security pledged for repayment of a loan over $5,000. While the collateral in the present case may not exactly be the ordinary certificates of stock or certificates of deposit in all respects and in a purely technical sense, any variance is not significant in view of the apparent purpose of the statute. There is simply no justification for a blindly technical reading of this exception in view of the general language used.

■ Even if the exception were not applicable, however, this court decides that computation of interest on the present loan, on the basis of a year of 360 days, is subject to the doctrine *de minimis non curat lex*, and is thus not usurious. It is vastly different than American Timber & Trading Co. v. First National Bank of Oregon, 334 F.Supp. 888 (D.C.Or.1971), where borrowers were charged maximum interest rates at 10% and 12%, and computation of interest by the challenged method yielded an annual return of 10.139% and 12.-167%, respectively. In the present case, plaintiffs allege that they contracted for and were charged a variable interest rate related to the prime commercial rate on a monthly basis, with some monthly interest payments thereby being below the permitted maximum rate of 8% per annum, thereby reducing the total effective annual rate. Without undertaking to construe the words *per annum* found in the Illinois Statute (Ill.Rev. Stat. ch. 74, § 4) in the 360-day context

because it is unnecessary, on the present complaint any interest payments which might have been slightly above the statutory maximum for any given month because of the 360-day year would raise the effective annual rate of interest inconsequentially, and a claim of usury thereon would be clearly a trifle of which the law will not be concerned.

Accordingly, it is ordered that plaintiffs' action is dismissed with prejudice and judgment is entered for defendant.