**Raymond J. ALLEN, Plaintiff,**

v.

**MAINWAY FINANCIAL CORPORA-TION, an Illinois Corporation, North Bank, an Illinois Banking Association, the Drovers National Bank, a National Banking Association, Gerard C. Specht, Michael J. Whelan, and William N. Reib, Defendants.**

**No. 76 C 2426.**

United States District Court, N. D. Illinois, E. D.

Sept. 29, 1977.

Sherwin D. Abrams, John C. Stiefel of Solomon, Rosenfeld, Elliott, Stiefel & Engerman, Chicago, Ill., for plaintiff.

Matthew J. Iverson, Chicago, Ill., for defendant North Bank; Moses, Gibbons, Abramson & Fox, Chicago, Ill., of counsel.

## MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

*Motion for Partial Summary Judgment*

Plaintiff Raymond J. Allen ("Allen") initiated this action against the named defendants alleging that the defendants engaged in a conspiracy violative of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.*, in connection with the sale to plaintiff of subordinated debenture notes and stock of Mainway Financial Corporation in June, 1972 and January, 1973.

Allen has now filed an amendment to his complaint which asserts a new Count II against defendant North Bank alone.

Count II alleges, *inter alia*, that North Bank violated an Illinois usury statute, Ill. Rev.Stat. (1975) Ch. 74, § 4, in extending a series of loans to Allen. Pending before the Court is North Bank's Motion for Partial Summary Judgment on Allen's usury charges, pursuant to F.R.Civ.P. 56. Neither party claims a genuine issue of a material fact and, accordingly, North Bank seeks a judgment in its favor as a matter of law. For the reasons set forth below, defendant's motion is granted.

In 1972, Allen borrowed $100,000 from North Bank. Allen represented in writing at that time that his purpose in borrowing the funds was to "purchase debenture." The debenture was a "100 M. Mainway Debenture," which Allen posted as collateral for the 1972 loan. The original loan to Allen was evidenced by a note dated June 19, 1972. Defendant's Exhibit 2. When Allen could not repay the note at its maturity, it was refinanced by North Bank on thirteen occasions. The date of each note,

the principal amount and the interest rate charged by North Bank is as follows:

| No. of Note | Date of Note | Principal Amount | Interest Rate |
|---|---|---|---|
| 1 | 6/19/72 | $100,000.00 | 5% |
| 2 | 12/18/72 | 100,000.00 | 6¼% |
| 3 | 6/29/73 | 90,000.00 | 8% |
| 4 | 9/27/73 | 90,000.00 | 10% |
| 5 | 12/26/73 | 90,000.00 | 10% |
| 6 | 3/26/74 | 90,000.00 | 10% |
| 7 | 6/24/74 | 82,219.18 | 11¾% |
| 8 | 9/23/74 | 82,219.18 | 12¼% |
| 9 | 12/23/74 | 82,219.18 | 12¼% |
| 10 | 3/24/75 | 79,730.25 | 9½% |
| 11 | 6/23/75 | 79,730.25 | 9% |
| 12 | 9/22/75 | 78,730.25 | 9% |
| 13 | 12/22/75 | 78,730.25 | 9% |
| 14 | 3/22/76 | 77,500.00 | 8¾% |

Plaintiff makes no claim that notes 1 through 3 exceed the statutory rate of eight per cent (8%). Plaintiff admits that the proceeds of the original loan were used to purchase the Mainway Debenture and that the proceeds of each subsequent note were used to repay sums owing to North Bank. The question before the Court is whether the various notes signed by Allen come within the business loan exception to the Illinois usury law, Ill.Rev.Stat. (1975) Ch. 74, § 4.

Defendant's first line of argument, raised in its reply to plaintiff's Memorandum, is that plaintiff's failure to comply with the requirements of F.R.Civ.P. 56 entitles defendant to judgment in its favor. It is clear, however, that plaintiff does not dispute any of the facts raised in defendant's supporting affidavit and exhibits. While it is true the Smithwick Affidavit states that each loan made to Allen was a "business" loan, that conclusory language is not dispositive of the question before the Court.

Plaintiff asserts in his Memorandum that upon purchase of the Mainway Debenture, he was required to sign an investment letter "whereby he certified that the security was being purchased for personal investment only." On this point, plaintiff merely rests upon his allegation, without supporting exhibits or affidavits. We therefore cannot consider *that* fact as established for the purpose of summary judgment. Judgment for the defendant on the ground of improper response to a motion for summary judgment, however, is not appropriate in this case. F.R.Civ.P. 56(e).

The statute relied on by plaintiff for his usury claim, Ill.Rev.Stat. Ch. 74, § 4, exempts certain loan transactions from its coverage. One such exempted transaction is "[a]ny business loan to a business association or co-partnership or to a person owing or operating a business as a sole proprietor . . . ." Ill.Rev.Stat. Ch. 74, § 4(c). By means of an amendment, which became effective on July 12, 1974, the business loan exemption was further defined:

> The term 'business' shall be deemed to mean a commercial or industrial enterprise which is carried on for the purpose of investment or profit but shall not be deemed to mean the ownership or maintenance of real estate occupied by an individual obligor solely as his residence. Ill.Rev.Stat. (1975) Ch. 74, § 4(c).

Without deciding whether the 1974 amendment should be applied retroactively to notes 4 through 7, we find that the sparse case law available to guide the Court in construing the exemption clause indicates that all the loans made to Allen were business loans.

Four years prior to 1974 amendment, the Seventh Circuit stated that the "business loan" exemption should not be so narrowly construed as to defeat its legislative intent. *Ross v. Lake City Equity Finance Corporation*, 425 F.2d 1, 3 (7th Cir. 1970). In that case, the loan was for the purpose of purchasing real estate upon which the borrowers planned to construct and operate a shopping center. Plaintiff argues that if the loan in *Ross* had been solely for speculation in a single parcel of real estate, the court would not have found the loan to be within the business exemption. Our reading of *Ross* bears no such interpretation.

Plaintiff relies heavily on *Metcoff v. Mutual Trust Life Insurance Company*, 33 Ill. App.3d 1059, 339 N.E.2d 440 (1st Dist. 1975), in support of his contention that his loans were not acquired for business purposes. *Metcoff* is one of the few decisions dealing with the Illinois usury law subsequent to the enactment of the 1974 amendment. In *Metcoff*, the plaintiffs borrowed funds from a bank and in turn lent the money to their

**28**

sons to be used to purchase and develop a tract of land. In holding that the loan did not fall under the business exemption, the court looked to the fact that the loan was made for the benefit of the sons, that the collateral was the parents' interest in the trust of another bank and that the parents took promissory notes from their sons. These facts led the court to the following conclusion:

> Hence, the loans were not business loans under the statute because the loans were not made to the parents solely to enable the parents to carry on any business of the parents or to acquire any business for the parents. 33 Ill.App.3d 1059 at 1065, 339 N.E.2d 440 at 445.

In the case at bar, however, it is undisputed that Allen acquired the original $100,000 loan to invest in the Mainway Debenture, an investment on which he hoped to gain ten percent interest. Further, the debenture itself was collateral for the original loan and all the subsequent loans. The fact that the investment was a "one time" proposition does little to detract from its business nature. We therefore find plaintiff's reliance on *Metcoff* to be misplaced.

Although called upon to construe the second exemption to the Illinois usury law, Ill.Rev.Stat. Ch. 74, § 4(b), the court in *Koos v. First National Bank of Peoria, Illinois,* 358 F.Supp. 890, 892 (S.D.Ill.1973), aff'd, 496 F.2d 1162, 1164 (7th Cir. 1974), found the purpose of the usury statute is ". . . to protect only relatively small, personal non-business borrowers from high interest rates . . . ." It is not likely that Allen's $100,000 loan, the proceeds of which were invested in a security, falls within the ambit of that legislative purpose. We therefore hold that the loans made by North Bank to Allen were business loans and exempt from the Illinois usury law.

For the foregoing reasons, defendant's motion for partial summary judgment of Count II is granted.