**Steven HORN and Susan Horn, Plaintiffs,**

v.

**NATIONAL HOMES ACCEPTANCE CORPORATION, Defendant.**

**No. 78 C 119.**

United States District Court, N. D. Illinois, E. D.

May 26, 1978.

---

Demling & Jegen, Glen Ellyn, Ill., for plaintiffs.

Sonnenschein, Carlin, Nath & Rosenthal, Frederic S. Lane, Joy S. Goldman, Charles T. Kropik, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

Plaintiffs, Steven and Susan Horn, bring this action against National Homes Acceptance Corporation (NHAC) to recover $61,-209.60, twice the amount of the prepayment of their mortgage loan, under the Illinois Usury Statute, Ill.Rev.Stat. ch. 74, § 4. Defendants removed this suit from the Circuit Court of DuPage County, Wheaton, Illinois, pursuant to 28 U.S.C. § 1441. Accordingly, our jurisdiction is based on diversity of citizenship as plaintiffs are citizens of the State of Illinois, defendant is an Indiana corporation, and the matter in controversy exceeds the sum of $10,000 exclusive of costs and interest.

The gravamen of the complaint is that plaintiffs were improperly charged a penalty for the prepayment of their mortgage loan in violation of Ill.Rev.Stat. ch. 74, § 4, as it existed prior to the amendment of 1976.[1] Defendant argues that the charge was for interest owing under the terms of the contract rather than a prepayment penalty and, therefore, was expressly exempted from the Illinois Usury Statute by Ill.Rev. Stat. § 4(e), ch. 74.

The pending cross-motions for summary judgment raise the following issues:

1.  The permissibility of this charge under the Illinois Usury Statute;

2.  The permissibility of this charge under the mortgage agreement.

For the reasons stated herein, we grant defendant's motion for summary judgment.

## I. THE FACTS

The facts of this case are not in dispute. On November 18, 1975, plaintiffs, by executing a Mortgage Note and Mortgage, borrowed $32,250.00 from Great America Funding Corporation to purchase residential real estate in Naperville, Illinois. The note and mortgage were subsequently assigned to defendant, and since December 1975, the mortgage has been insured by the Federal Housing Administration of the U. S. Department of Housing and Urban Development, pursuant to Title 12, chapter 13, of the United States Code. On June 7, 1977, in a request for a payoff letter from defendant, plaintiffs indicated their intent to pay the entire balance of their mortgage indebtedness from the proceeds of a sale which was to take place on June 27, 1977. In response, they received a payoff letter (a copy of which was attached to the complaint) which charged an amount, labeled

---

1.  This version of the statute was in effect at the time the mortgage note was executed and the parties agree that it controls the matter in controversy.

interest, calculated to 8/1/77. Plaintiffs' attorney contacted defendant both by telephone and letter and objected to the charge for interest subsequent to the date on which the loan was actually to be paid on the grounds that it constituted an unearned charge or a prohibited penalty for prepayment of the loan.

Defendant, however, insisted on receiving the full amount indicated in the payoff letter before releasing the mortgage lien. On June 27, 1977, plaintiffs paid the sum of $31,656.02 to defendant, with interest from June 27 to August 1 being paid under protest. This amount was received by defendant on or about June 30, 1977, as evidenced by the note and mortgage which were returned to plaintiffs stamped "PAID 6/30/77."

Under the terms of the note and mortgage, interest was not payable in advance. Except for the interest from November 18, 1975 to November 30, 1975, the Horns had never been required to pay interest in advance.

## II. THE STATUTES

The applicable provisions of the Illinois Usury Act, Ill.Rev.Stat. § 4, ch. 74, state: "4. § 4. General Interest Rate.) In all written contracts it shall be lawful for the parties to stipulate or agree that 8% per annum, or any less sum of interest shall be taken and paid upon every $100 of money loaned or in any manner due and owing from any person to any other person or corporation in this state . . . *except as herein provided.* An interest rate of 9½% or any lesser amount is lawful for loans that are (1) secured by residential real estate and (2) entered into on or after July 12, 1974 and before January 1, 1977: whenever such loan exceeds 8% per annum, it is unlawful to provide for a penalty or other charges for prepayment.

\*    \*    \*    \*    \*    \*

It is lawful to charge, contract for, and receive any rate or amount of interest or compensation with respect to the following transactions:

\*    \*    \*    \*    \*    \*

(e) Any mortgage loan insured or upon which a commitment to insure has been issued under the provisions of the National Housing Act, Chapter 13 of Title 12 of the United States Code; . . ."

Plaintiffs contend that, because their loan was secured by residential real estate, entered into on or after July 12, 1974 and before January 1, 1977, and bore interest in excess of 8% per annum, it is controlled by the first paragraph of section 4 of chapter 74 rather than section 4(e) which, they contend, is to be treated as independent from the rest of section 4. In support of this theory, plaintiffs cite *Schmidt v. Interstate Federal Savings and Loan Association,* 421 F.Supp. 1016 (D.D.C.1976) wherein a lender charged a borrower full interest for the month in which the loan was prepaid because the note only allowed prepayment on the first day of each month. That court held that the charge of interest was an invalid prepayment penalty. Although factually similar to plaintiff's case, the statutory basis on which the *Schmidt* decision was founded was totally dissimilar from the Illinois Usury Statute.[2] That case is, therefore, inapposite to the instant dispute.

Plaintiffs also argue, without the benefit of cited authority, that the legislative intent underlying § 4 was to confer a protection and a benefit on all Illinois citizens, whether or not their mortgage was insured by FHA and to impose on the statute an interpretation inconsistent with this intent would be contrary to the Equal Protection clause as guaranteed by the Fifth and Fourteenth Amendments.

Defendant argues that the mortgage note is exempt from the Illinois Usury Statute by the language of § 4(e) which expressly excludes all mortgages insured by the FHA,

---

**2.** The law which controlled the holding in the *Schmidt* case was the Home Owner's Loan Act of 1933, *as amended,* 12 U.S.C. §§ 1461, *et seq.*

(1960) and as regulated by the Federal Home Loan Bank Board.

under the National Housing Act, Title 12, U.S.C. ch. 13, from the usury restrictions established in § 4. In support of this argument, defendant cites a line of cases which have construed various subsections of § 4, ch. 74. *Ross v. Lake City Equity Finance Corporation,* 425 F.2d 1 (7th Cir. 1970); *Metcoff v. Mutual Trust Life Ins. Co.,* 33 Ill.App.3d 1059, 339 N.E.2d 440 (1975); *Koos v. First National Bank of Peoria,* 496 F.2d 1162 (7th Cir. 1974). In each case, the court analyzed the specific problem based on the clearly implied premise that the various subsections of § 4 were exemptions from that section rather than independent clauses bearing no relation to the rest of the statutory scheme.

■ We agree with defendant. There.is no basis in logic or law to construe subsection (e) independently from the rest of section 4. Since the legislature included the prepayment penalty prohibition in the same paragraph that contains the maximum interest rate, it is illogical to conclude that the subsections are subject to one of these limitations but not the other.

■ We see no basis for plaintiffs' equal protection argument. We understand their analysis to be an attempt to eliminate from the statute an exception which the Illinois legislature enacted based on a rational distinction between loans subject to federal regulation under the National Housing Act and those not so regulated. Furthermore, the distinction and exception in subsection (e) expressly embody the federal prohibition against including NHA loans in state usury statutes. Title 12 U.S.C. § 1709–1a provides:

"(a) The provisions of . . . any law of that State expressly limiting the amount of interest which may be charged, taken, received, or reserved shall not apply to—

(1) any loan or mortgage which is secured by a one-to four-family dwelling and which is

(A) insured under Title I or II of the National Housing Act . . .."

Under the doctrines of pre-emption and superiority, the states are required to abide by federal laws which seek to establish a uniform national standard for the application of a federal program. Ultimately, such federal law may result in an inequity whereby the federal government denies a benefit to a class of persons which the states are conferring on similarly situated persons. However, this does not in itself constitute the denial of equal protection.

We conclude, therefore, that a common-sense interpretation of subsection (e) is to construe it as one of several exceptions to the general provisions of section 4. Accordingly, we need not determine if the payment charged to plaintiffs was a prepayment penalty or an interest charge. Either would be permitted under subsection (e) if the mortgage agreement so provides.

### III. THE MORTGAGE AGREEMENT

The mortgage states at page 2:

"That privilege is reserved to pay in whole, or in an amount equal to one or more monthly payments on the principal that are next due on the note, on the first day of any month prior to maturity; provided, however, that written notice of an intention to exercise such privilege is given at least thirty (30) days prior to prepayment."

■ The clear meaning of this language is to permit a prepayment only according to a specified payment schedule. Pursuant to this schedule, plaintiffs' prepayment could be made on August 1, 1977, since notice was given during June and the agreement specified a 30-day notice period *and* payment on the first day of the month only. By enforcing this provision, defendant was simply applying the expressly stated terms of the mortgage. The fact that plaintiffs chose and were permitted to make a principal prepayment which did not conform to this provision does not relieve them from fully performing their agreement under the mortgage. The policy underlying the advance notice and interest provision is not to penalize a prepaying borrower but to give the lender sufficient

time to find a new borrower for the prepaid money.

Not only is it logical to permit a lender a reasonable opportunity to replace the prepaid loan without losing interest thereon, but the conclusion that under Illinois law such a provision entitles the prepaying borrower to recover double the amount of the prepaid loan is so inequitable that we find it inconceivable that the Illinois legislature intended any such interpretation of section 4. In any event, there is no doubt that subsection 4(e) makes the other provisions of section 4 inapplicable to FHA insured loans. For these reasons, we find that defendant's demand for interest up to August 1, 1977 was proper and, therefore, grant its motion for summary judgment.