Yvette CRONEN, widow of Timothy
Cronen, Deceased, Respondent,

v.

WEGDAHL COOPERATIVE ELEVATOR
ASSOCIATION, et al., Relators.

No. 49046.

Supreme Court of Minnesota.

April 6, 1979.

Jardine, Logan & O'Brien, Alan R. Vanasek and Charles E. Gillin, St. Paul, for relators.

Robert Cudd, Willmar, for respondent.

Heard before ROGOSHESKE, TODD, and YETKA, JJ., and considered and decided by the court en banc.

YETKA, Justice.

This appeal is by writ of certiorari to the Workers' Compensation Division for review of a decision of the Workers' Compensation Court of Appeals. We affirm.

Relators challenge the commission's application of Minn.St. 176.061 in calculating relators' share of a recovery on behalf of employee from a third party. The parties raise the following issues:

1. Should relators' attorneys fees be included as part of costs of collection under Minn.St. 176.061, subd. 6(a), where relators' attorney was not actively involved in obtaining recovery from the third party?

2. Should the amount of benefits employee received from employer's no-fault insurer be deducted from the amount recovered from a third party (where no-fault insurer is entitled to subrogation)? Should it be considered a "cost of collection"?

3. Should relators' credit against future benefits be reduced by their proportionate "share" of costs and attorneys fees?

The facts, which are undisputed, are as follows:

Timothy Cronen, an employee of Weg-Dahl Cooperative Elevator Association (employer), was fatally injured on October 31, 1977, while driving a truck in the course of his employment. Federated Mutual Insurance Co., employer's workers' compensation insurer, has paid $2,345.80 to Cronen's widow and children—10 weekly benefit payments of $134.58 (covering period from October 31, 1977, through January 8, 1978) and $1,000 funeral expenses. The workers' compensation weekly benefit payments were terminated January 11, 1978.

Employee's survivors brought a wrongful death action against the driver of the other vehicle and eventually settled that claim for $100,000. Their attorneys fee is 24 percent of that recovery.

Cronen's survivors also received $1,572.56 from State Automobile & Casualty Underwriters, employer's no-fault automobile insurer—8 weekly benefit payments of $56.07 ($448.56) and $1,124.00 funeral expense benefit. Although not explicitly stated in the record, the no-fault insurer apparently had a right of subrogation to the claim of the survivors against the third party and was paid $1,572.56 out of the third-party recovery.

Relators filed with the Workers' Compensation Division for determination of the amount to which they were entitled as reimbursement for compensation already paid. The division found that relators were entitled to $1,782.81 ($2,345.80 minus 24 percent—$562.99—for costs and attorneys fees). Relators appealed to the Workers' Compensation Court of Appeals, which affirmed the division's decision.

1. Minn.St. 176.061, subd. 6, sets out the following method for dividing the proceeds of a recovery from a third party:

"The proceeds of all actions for damages or settlement thereof under this section, received by the injured employee or his dependents or by the employer as provided by subdivision 5, shall be divided as follows:

"(a) After deducting the reasonable cost of collection, including but not limited to attorneys fees and burial expense in excess of the statutory liability, then

"(b) One-third of the remainder shall in any event be paid to the injured employee or his dependents, without being subject to any right of subrogation.

"(c) Out of the balance remaining, the employer shall be reimbursed in an amount equal to all compensation paid under this chapter to the employee or his dependents by the employer less the product of the costs deducted under clause (a) divided by the total proceeds received by the employee or his dependents from the other party multiplied by all compensation paid by the employer to the employee or his dependents.

"(d) Any balance remaining shall be paid to the employee or his dependents, and shall be a credit to employer for any compensation which employer is obligated to pay, but has not paid, and for any compensation that such employer shall be obligated to make in the future."

The first issue to be decided in this case is whether the relators' attorneys fees are to be included in the "cost of collection" deducted pursuant to subsection (a), where the relators' attorney was not actively involved in obtaining the recovery.

■ The purpose of this provision is to ensure that those benefited by the recovery share equitably in the cost of obtaining that recovery. Where, as here, the attorney for the employee's survivors obtained the settlement and the relators' attorney did nothing, only the fees of the survivors' attorney may reasonably be considered a cost of collection. The reduction of relators' reimbursement by 24 percent for its share of the survivors' attorneys fees thus was clearly allowed by the statute. Only those costs related to collection of the third party recovery are to be deducted; those incurred for relators' collection from the employee are not.

Relators argue that they are being required to pay attorneys fees twice. This statement is misleading. Relators are paying fees for two attorneys—the survivors' attorneys fees as allowed by statute and their own attorneys fees. This is not a double payment.

■ 2. Although the record is not completely clear on this point, employer's no-fault insurer was entitled to be subrogated to any claim of employee's survivors against the third party. It is implied by the record that employer's workers' compensation insurer had no right of subrogation to any claim by the survivors against its no-fault insurer. If that is true, it was proper for the Workers' Compensation Division to deduct the amount to be paid to the no-fault insurer from the total third-party recovery before determining the amount of relators' reimbursement. It should also be noted that, in computing the costs to be prorated pursuant to subsection (c), the division included only the $24,000 in attorneys fees; the payment to the no-fault insurer was not included in determining relators' proportionate share of the costs of collection.

3. In a case decided under the former version of this statute, this court stated:

"* * * It seems apparent that the provision in question was enacted in response to the seeming unfairness involved where an employee was forced to bear the entire burden of attorney's fees, even though the employer would benefit from the action, both by recovering amounts previously paid as compensation and by being relieved from the obligation to pay future compensation. The critical factor, therefore, appears to be the extent to which the employer is to benefit from the efforts of employee's attorney, and to that extent the employer rightly should bear a proportionate burden.

\* \* \* \* \* \*

"Over and above the amount recovered by subrogation, * * * it is possible that employer has derived some benefit from its employee's recovery, and accordingly, ought to bear a proportionate burden of the attorney's fees relating to that benefit. That benefit stems from the fact that the employee's recovery will

serve to offset liabilities which employer otherwise would have to satisfy through compensation payments." *Anderson v. Twin City Lines*, 289 Minn. 11, 16, 182 N.W.2d 193, 196 (1970).

Relators have benefited by the recovery from the third party not only by reimbursement for compensation already paid but also by credit against any future liability. Although the statute, subsection (d), does not specifically provide for reduction of future benefits by a proportionate share of costs, we must assume that the legislature did not intend an absurd result. Suppose, for example, that the settlement with the third party tortfeasor had not been obtained until $47,000 in workers' compensation insurance had been paid and there was the possibility that only $2,000 to $3,000 would be paid in future benefits. We cannot believe that attorneys fees would be deductible on the former amount but not on the latter. To hold otherwise would encourage claimants to delay settlements until virtually all workers' compensation benefits had been paid.

The decision of the compensation court of appeals is affirmed.