Faythe S. TAKAHASHI and Hideo H. Takahashi, Plaintiffs-Appellees,

v.

LOOMIS ARMORED CAR SERVICE, Defendant,

and

Liberty Mutual Insurance Company, Defendant-Appellant.

No. 78-1584.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1980.

Decided Aug. 13, 1980.

Evelyn B. Lance, Honolulu, Hawaii, argued for defendant-appellant.

Samuel E. Meredith, San Francisco, Cal., on brief, for defendant-appellant and argued for plaintiffs-appellees.

Paul F. Cronin, Cronin, Fried, Sekiya, Haley & Kekina, Honolulu, Hawaii, on brief, for plaintiffs-appellees.

Before CHAMBERS and PREGERSON, Circuit Judges, and BILBY,* District Judge.

PREGERSON, Circuit Judge:

This is an appeal from the district court's allocation of attorney's fees between an injured employee, Faythe S. Takahashi, and her employer's compensation carrier, Liberty Mutual Insurance Co., in connection with the settlement of a third party action under Hawaii Revised Statute (HRS) § 386-8. The carrier contends that the district court improperly calculated the employer's proportionate share of attorney's fees. We affirm.

For job-related injuries, Mrs. Takahashi received a workers' compensation award of $40,906.93, to be paid over an extended period of time. She then commenced and settled a third party action, under HRS § 386-8, against Loomis Armored Car Service.

HRS § 386-8 provides that if a job-related injury gives rise to tort liability in a party other than the employer or a fellow employee, the injured employee, receiving workers' compensation benefits, may bring an action against that third party. Under the statute, if the injured employee prevails in the third party action, the employer, or the employer's compensation insurance carrier, must be reimbursed for any benefits paid under a workers' compensation award. Mrs. Takahashi settled her third party claim against Loomis Armored Car Service for $85,000.[1] From the proceeds of that settlement, appellant, the employer's insurance carrier, was reimbursed for the $13,662.87 in workers' compensation payments it had already made to Mrs. Takahashi before the settlement. The settlement also relieved the carrier of liability for any further payments under the $40,906.93 workers' compensation award.

Under § 386-8, when an employee, such as Mrs. Takahashi, prosecutes a third party action, she is entitled to deduct from the employer's share of the benefits recovered a reasonable attorney's fee, based on the "services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer."[2] In this case, the district court ruled that, for purposes of § 386-8, the "benefit"

---

* The Hon. Richard M. Bilby, United States District Judge for the District of Arizona, sitting by designation.

1. HRS § 386-8 provides that a release or settlement of any third party claim will not be valid without the written consent of both the employer and the employee. The employer's insurance company consented to the settlement on the employer's behalf on February 22, 1977.

2. HRS § 386-8 provides in relevant part:
    If the action is prosecuted by the employee alone, the employee shall be entitled to apply out of the amount of the judgment for damages, or settlement in case the action is compromised before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee there shall be applied out of the amount of the judgment or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee.

rendered to the employer by settlement of the third party action was reimbursement for amounts already paid under the workers' compensation award, plus relief from having to make any further payments under that award. In other words, the district court found that the benefit to the employer was $40,906.93, the full amount of its liability under the workers' compensation award. Since the parties had fixed the attorney's fees at one-third of the $85,000 settlement figure, the court determined that the employer's proportionate share of these fees would be one-third of the total workers' compensation award of $40,906.93, or $13,635.64.

Appellant contends that the employer's share of the attorney's fees should be limited to an amount proportionate to the payments it had actually made to Mrs. Takahashi before the third party settlement, i. e., one-third of $13,662.87, rather than one-third of the total workers' compensation award of $40,906.93. Appellee argues that since, in addition to reimbursement for payments already made, the employer also benefitted from the settlement by being relieved of its liability to make further payments under the workers' compensation award, the employer's share of the attorney's fees should be based on the total benefit the employer received.

■■■ In this diversity action, the court must apply the substantive law of the forum state, Hawaii. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In the absence of controlling forum state law, a federal court sitting in diversity must use its own best judgment in predicting how the state's highest court would decide the case. *See Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 434–435 (9th Cir. 1978); *Robinson v. United States*, 518 F.2d 1105, 1108 (9th Cir. 1975). In so doing, a federal court may be aided by looking to well-reasoned decisions from other jurisdictions. *See* C. Wright, Law of Federal Courts 271 n. 32 (3d ed. 1976); 1A–Moore's Federal Practice ¶ 0.309[2] (2d ed. 1979).

■■■ We will defer to the district court's construction of the law of the state in which the district court sits. *Holcomb Construction Co. v. Armstrong*, 590 F.2d 811, 813 (9th Cir. 1979); *American Timber and Trading Co. v. First National Bank of Oregon*, 511 F.2d 980, 983 (9th Cir. 1973), *cert. denied*, 421 U.S. 921, 95 S.Ct. 1588, 43 L.Ed.2d 789 (1975). The district court's determination, particularly where there has been no clear state court exposition of a controlling principle, will be accepted on review unless shown to be "clearly wrong." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980); *American Timber and Trading Co. v. First National Bank of Oregon*, 511 F.2d at 983.

Although Hawaii has no case law interpreting the phrase "benefit of . . . the employer" in HRS § 386–8, courts in several states having similar statutes have construed the term to include the benefit to the employer, or its insurance carrier, in being relieved from liability for future expenditures. For example, the Supreme Court of New Jersey has stated that:

[T]he assessment against the employer for its pro rata share of the attorney's fee in the third party tort recovery [is] . . . measured by "his total compensation liability under the act, however much the obligation may remain unfulfilled at the time of the third party recovery, rather than the compensation payments then actually made to the work[er]."

*Teller v. Major Sales, Inc.*, 64 N.J. 143, 313 A.2d 205, 207 (N.J.1974) (quoting *Dante v. Gotelli*, 17 N.J. 254, 111 A.2d 267, 268 (N.J. 1955)). *Accord, Schalk v. Michigan Sewer Construction Co.*, 62 Mich.App. 658, 233 N.W.2d 825, 827 (Ct.App.1975).

The rationale underlying this rule is well stated in *Cronen v. Wegdahl Cooperative Elevator Assoc.*, 278 N.W.2d 102, 105 (Minn. 1979): "To hold otherwise would encourage claimants to delay settlements until virtually all workers' compensation benefits had been paid." We therefore find that the district court was not clearly wrong in requiring appellant to pay a share of attorney's fees proportionate to the total amount of workers' compensation benefits it would have had to pay but for the settlement of the third party action.

The only remaining issue on this appeal is appellee's assertion that she has a right to reimbursement for attorney's fees incurred in defending this appeal. HRS § [431–455] provides:

> Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits *under the policy*, the policyholder . . . shall be awarded, in addition to the benefits under the policy, reasonable attorney's fees together with the costs of suit. (Emphasis added.)

Under this statute a policy holder's right to reimbursement for attorney's fees is limited to situations where a court has ordered an insurer to pay benefits *under a policy*. Appellant was ordered to pay its proportionate share of attorney's fees pursuant to HRS § 386–8, not pursuant to a policy. Our research discloses no contractual or statutory basis under Hawaiian law for awarding attorney's fees incurred in bringing this appeal. Accordingly, the request for such fees is denied.

The judgment of the district court is therefore affirmed.