Kathleen A. KING, as trustee for the next of kin for Thomas Maxwell Brantner, Eugene Solyntjes, Respondents,

and

The Home Insurance Company, intervenor, Appellant,

v.

KRAUS–ANDERSON CONSTRUCTION COMPANY, Respondent,

L.L. LeJeune Company, Defendant,

Braun Engineering Testing, Inc., Ewing, Cole, Cherry & Parsky, Inc., Respondents.

L.L. LeJEUNE COMPANY, Third–Party Plaintiff,

Kraus–Anderson Construction Co., Third–Party Plaintiff, Respondent,

v.

VICKERMAN CONSTRUCTION COMPANY, Third–Party Defendant, Respondent.

BRAUN ENGINEERING TESTING, INC., Defendant and Third–Party Plaintiff, Respondent,

v.

VICKERMAN CONSTRUCTION CO., Third–Party Defendant, Respondent.

No. C7–88–2541.

Court of Appeals of Minnesota.

May 9, 1989.

Review Denied June 21, 1989.

David J. Moskal, Schwebel, Goetz & Sieben, P.A., Minneapolis, for Kathleen A. King.

Joseph T. Herbulock, Abrams & Spector, P.A., Minneapolis, for Eugene Solyntjes.

Lawrence M. Baill, Wasserman & Baill, Minneapolis, for the Home Ins. Co.

John M. Kennedy, Jr., Jardine, Logan & O'Brien, Saint Paul, for Kraus–Anderson Const. Co.

James W. Littlefield, Hart, Bruner & O'Brien, Minneapolis, for L.L. LeJeune Co.

Glenn E. Purdue, LeFevere, Lefler, Kennedy, O'Brien & Drawz, Minneapolis, for Braun Engineering Testing, Inc.

Thomas L. Adams, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for Ewing, Cole, Cherry & Parsky, Inc.

John Hinderaker, Faegre & Benson, Minneapolis, for Vickerman Const. Co.

Heard, considered and decided by NORTON, P.J., and FORSBERG and MULALLY *, JJ.

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

FORSBERG, Judge.

Home Insurance Company (Home) appeals from an order denying their request for attorney fees.

### FACTS

Eugene Solyntjes was severely injured in a construction accident. He received workers' compensation benefits from Home, his employer's insurer. In July 1985, Solyntjes brought suit against various parties responsible for his injuries. His employer was brought in as a third-party defendant.

After the case was certified ready for trial, Home moved to intervene in order to protect their workers' compensation interest. At no time did Home's counsel associate with Solyntjes's counsel or reach an agreement on cost and fees with Solyntjes's counsel.

Solyntjes settled his case for $625,000 and the proceeds were to be distributed per Minn.Stat. § 176.061, subd. 6 (1988). The approved distribution was as follows:

| | |
|---|---|
| Total Recovery | $625,000.00 |
| Less Costs of Collection | 16,146.73 |
| Balance | $608,853.27 |
| Less One-third Attorney's Fees | 202,951.09 |
| Balance | $405,902.18 |
| Less One-third to Plaintiff | 135,300.73 |
| Balance | $270,601.45 |

Employer's Proportionate Share of Costs:

$$\frac{\$16,146.73 + 202,951.09}{\$625,000.00} = .35$$

Benefits paid to date: $157,976.70

$157,976.70 × .35 = $55,291.85

$157,976.70 − $55,291.85 = $102,684.85

Net Reimbursement to Employer: $102,684.85

Balance to Plaintiff: $167,916.60

Future subrogation credit against unpaid and future workers' compensation:

$167,916.60 × .35 = $58,770.81

167,916.60 − $58,770.81 = $109,145.79

### SUMMARY OF DISTRIBUTION

| | |
|---|---|
| To Plaintiff: | $135,300.73 |
| | 167,916.60 |
| | $303,217.33 |
| To Workers' Compensation Carrier: | |
| Reimbursement to Date | $102,684.85 |
| Future Credit | (109,145.79) |
| | ($211,830.64) |
| To Attorneys for Plaintiff: | |
| Attorney's Fees | $202,951.09 |
| Costs | 16,146.73 |
| | $219,097.82 |

Home then brought a motion for a determination that their counsel (retained on a contingency basis) was entitled to the $55,291.85 withheld from Home's subrogation recovery. Home's counsel claimed his efforts contributed to the settlement. According to counsel, he attended some depositions, answered discovery request served on Home, and prepared Home's case for trial.

The trial court denied Home's request, and Home appeals.

### ISSUE

Did the trial court err in denying Home Insurance Company's motion for attorney fees?

### ANALYSIS

Minn.Stat. § 176.061, subd. 6 (1986) provides in pertinent part:

The proceeds of all actions for damages or of a settlement of an action under this section * * * shall be divided as follows:

(a) After deducting the reasonable cost of collection, including but not limited to attorneys fees * * * in excess of the statutory liability, then

* * * * * *

(c) Out of the balance remaining, the employer * * * shall be reimbursed in an amount equal to all benefits paid under this chapter to or on behalf of the employee or the employee's dependents by the employer * * * less the product of

the costs deducted under clause (a) divided by the total proceeds received by the employee or dependents from the other party multiplied by all benefits paid by the employer * * * to the employee or the employee's dependents.

In applying the statute, the trial court found that Home had paid $157,976.70 in benefits. The court allocated $202,951.09 as reasonable attorney fees plus $16,143.73 as the cost of collection. The court then applied the formula in Minn.Stat. § 176.061, subd. 6(c) to determine that Home's contribution to the costs of recovery was $55,291.85. Home now argues that their attorney is entitled to recover the $55,291.85 withheld.

"The purpose of [the statutory formula] is to ensure that those benefited by the recovery share equitably in the cost of obtaining that recovery." *Cronen v. Wegdahl Co-op Elevator Association,* 278 N.W.2d 102, 104 (Minn.1979). To assess Home for the cost of recovery, and then return the funds to pay their attorney clearly would violate the statutory intent that the employer share in the cost of recovery. Absent a specific agreement with plaintiff's attorney, Home's counsel is not entitled to recover attorney fees from plaintiff's recovery.

Appellant argues that the trial court's order increases the plaintiff's award and thus requires a recalculation of the settlement which would result in an increase to them of future credit. There is no merit in this argument. The trial court's order denied Home attorney fees and required a deduction of $55,291.85 from their subrogation recovery as their contribution to the cost of recovery. This leaves the original distribution by the court intact and that distribution is hereby affirmed by this court.

## DECISION

Affirmed.