**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANNA NOWAK,

              Plaintiff-Appellant,

v.

GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY,

              Defendant-Appellee.

No.   17-35799

D.C. No. 3:17-cv-00086-HRH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, District Judge, Presiding

Submitted June 12, 2018[**]
Anchorage Old Federal Building, Alaska

Before: THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

Anna Nowak appeals the district court's order granting Appellee Genworth's

motion to dismiss Nowak's claims for negligence and breach of the implied

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

covenant of good faith and fair dealing, and the district court's denial of leave to amend the complaint.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.* 416 F.3d 940, 946 (9th Cir. 2005). A district court's dismissal of a complaint without leave to amend is reviewed de novo. *Id.* We review a district court's interpretation of substantive state law de novo. *Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

I

We defer to the district court's construction of Alaska state law with respect to an insurer's duty to notify its insured prior to cancellation of the policy, because, in the absence of a "clear state court exposition of a controlling principle," the district court's interpretation of Alaska law was not clearly wrong. *Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir. 1980) (reasoning that a district court's construction of state law, "particularly where there has been no clear state court exposition of a controlling principle, will be accepted on review

unless shown to be 'clearly wrong.'") (quoting *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980)).

The Alaska Supreme Court had not previously decided whether, in the life insurance context, an insurer must provide actual notice to the insured prior to cancellation of the policy. In the absence of a controlling decision from the state's highest court, the district court relied on the Alaska Supreme Court decision in *Blood v. Kenneth A. Murray Insurance, Inc.*, 151 P.3d 428 (Alaska 2006), which considered an insurer's duty to provide notice in the context of automobile liability insurance. There, the Alaska Supreme Court held it would not require insurers to bear the additional burden of providing actual notice to insureds prior to cancellation of the policy. *Id.* 433–34. The district court's reliance on *Blood* and its construction of state law was not clearly wrong. Further, it is not disputed that Genworth mailed written notices to the address provided by the insured to Genworth as well as an additional address identified by Genworth as possibly belonging to the insured, which is all the Alaska Supreme Court required of the insurer in *Blood*.

II

The district court did not err in dismissing Nowak's claims for breach of the implied covenant of good faith and fair dealing. To state a claim, Alaska law

3

"requires that the insurance company's refusal to honor a claim be made without a reasonable basis." *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1324 (Alaska 1993). Genworth had a reasonable basis for denying Nowak's claim. The terms of the insurance policy provided that "[i]f a premium has not been paid by the end of its grace period, this Policy will terminate subject to its terms." Nowak does not dispute that the February 2016 premium payment went unpaid through its grace period. The non-payment of the premium through the grace period gave Genworth a reasonable basis to deny the claim.

III

The district court did not err in denying Nowak leave to amend the complaint. Although leave to amend should be "freely given," if the proposed argument would be futile, leave to amend need not be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[C]ourts have discretion to deny leave to amend a complaint for 'futility,'" which includes the "inevitability of a claim's defeat on summary judgment." *Johnson v. American Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987). The district court did not err in reasoning that amendment of the complaint to allege Genworth breached the covenant of good faith and fair dealing by failing to apply Automatic Premium Loan option would have been futile. The application and policy terms provided that if the policy did not have sufficient

4

value to advance a loan, a loan would not be advanced. The policy explained how to calculate the value of the policy, and indicated that the policy had a zero value. Because the policy had insufficient value to advance a loan, a loan would not have been advanced. As such, the district court did not err in denying leave to amend on the ground that Genworth had a reasonable basis, based on the terms of the application and policy, for refusing to apply the Automatic Premium Loan option.

**AFFIRMED.**