NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANFORD A. MOHR; TINA A. MOHR, Individually and as Co-Trustees of their October 15, 1996 unrecorded Revocable Trust,

Plaintiffs-Appellants,

v.

MLB, SUB I, LLC; et al.,

Defendants-Appellees.

No.    20-15895

D.C. No.
1:16-cv-00493-ACK-WRP

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted July 6, 2021**
Honolulu, Hawaii

Before:  NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Sanford and Tina Mohr ("the Mohrs") appeal from the district court's order

granting summary judgment and issuing a decree of foreclosure in favor of MLB,

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

SUB I, LLC ("MLB"). We review a grant of summary judgment de novo. *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under Hawaii law, a party seeking a foreclosure decree must demonstrate (1) the existence of a promissory note, mortgage, or other debt agreement, (2) the terms of such agreement, (3) default by the debtor under the terms of the agreement, and (4) that the debtor was given sufficient notice of default. *See Bank of Am., N.A. v. Reyes-Toledo*, 390 P.3d 1248, 1254 (Haw. 2017) ("*Toledo I*"). There is no genuine dispute that MLB has established the four factors. The Lost Note Affidavit and copy of the original promissory note—with the Mohrs' signatures or initials on nearly every page—clearly prove the existence and terms of the debt agreement, and there is ample evidence that the Mohrs are in default under the agreement's terms. MLB also provided copies of the notices of default that were sent to the Mohrs, satisfying the fourth requirement.

A foreclosing lender must also demonstrate it has standing as someone "entitle[d] to enforce" the agreement. *Id.* The standing requirements are governed by statute. *See* Haw. Rev. Stat. §§ 490:3-301, -309.[1] Because the original

---

[1] Section 490:3-309, which governs the "[e]nforcement of lost . . . instrument[s]," provides that:

promissory note is lost, we must determine whether MLB is entitled under section 490:3-309 to enforce the debt agreement using the Lost Note Affidavit, a copy of the original note, and an allonge affixed to the note containing a blank indorsement. We conclude that it is.

Given the lack of Hawaii cases interpreting section 490:3-309, we must "use [our] own best judgment in predicting how the state's highest court would decide the case." *Fast Trak Inv. Co. v. Sax*, 962 F.3d 455, 465 (9th Cir. 2020) (order) (internal quotation marks and citation omitted). We can "look[] to well-reasoned decisions from other jurisdictions" as a guide. *Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir. 1980). Here, the district court relied on *In re Allen*, 472 B.R. 559 (B.A.P. 9th Cir. 2012), which interpreted a nearly identical Washington statute and concluded that an assignee of a lost promissory note can still enforce the note based on the lost note affidavit and blank indorsement, *id.* at

---

A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in rightful possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

Haw. Rev. Stat. § 490:3-309(a).

567.[2]  The Ninth Circuit Bankruptcy Appellate Panel reasoned that the affidavit

and blank indorsement were "sufficient to replace the original [n]ote" because the

blank indorsement makes the note a "bearer instrument . . . negotiable by transfer

of possession alone." *Id.*  In light of *Allen*, the district court similarly concluded

that the Lost Note Affidavit in this case became the "substitute" for the note, and

that MLB's continuous possession of the affidavit and the allonge containing the

blank indorsement thus gave it the right to enforce the lost note.

We see no error in the district court's conclusion or reliance on *Allen.*  The

Hawaii and Washington statutory provisions are nearly identical; the question

presented is meaningfully similar; and, to the extent that the Hawaii Supreme

Court may be concerned about "widespread documentation problems" in the

mortgage industry, *Toledo I*, 390 P.3d at 1256, there are already statutory

protections in place to prevent multiple parties from enforcing the same lost note,

---

[2] The Washington statute is nearly identical in language to Hawaii's section 490:3-309:

> A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

Wash. Rev. Code § 62A.3-309(a).

*see* § 490:3-309(b).  Furthermore, at least in this case, the district court noted that "the foreclosure would be conditioned on MLB's agreement to indemnify the Mohrs in the event they are faced with enforcement of the same promissory Note by another party."

The Mohrs' arguments to the contrary are not persuasive.  First, they contend that the district court erred by relying on *Allen* because the trial court was required to apply Hawaii law.[3]  But as noted above, "[i]n the absence of controlling forum state law, [we] . . . may be aided by looking to well-reasoned decisions from other jurisdictions." *Takahashi*, 625 F.2d at 316.  Second, the Mohrs make numerous conclusory allegations disputing the facts underlying this litigation, contending, for example, that their mortgage was actually paid off in 2006; that MLB is not the true owner of their mortgage; and that various instances of fraud have rendered their mortgage and any subsequent assignments void.  They base their allegations largely on a report from their private investigator.  We agree with the district court that the investigator's report does not create a genuine dispute as to the material facts underlying this litigation.  *See Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) (when an expert report is

---

[3] The Mohrs also argue that the district court's error violated their constitutional rights.  "[B]ecause this argument was not coherently developed in [their] briefs on appeal, we deem it to have been abandoned." *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997); *see also* Fed. R. App. P. 28(a)(8)(A).

"not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable," the report cannot create a genuine dispute); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party . . . . If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (internal citations omitted)).

For the above reasons, we affirm the district court's order granting summary judgment and issuing a decree of foreclosure in favor of MLB.

**AFFIRMED.**[4]

---

[4] We need not reach the district court's conclusion that the Mohrs' fraud claims are barred by res judicata. Even if the allegations were not barred, the Mohrs still fail to demonstrate a genuine dispute as to fraud or forgery.