**AMERICAN TIMBER & TRADING CO.,** an Oregon corporation, on its own behalf and on behalf of all corporations and individuals who have been and are presently being charged interest in excess of the rates permitted by law, Plaintiff,

v.

**FIRST NATIONAL BANK OF OREGON,** a National Banking Association, Defendant.

Lawrence **BERNARD,** individually, and Dr. Lawrence Bernard, Professional Corporation, Intervening Plaintiff,

v.

**FIRST NATIONAL BANK OF OREGON,** a National Banking Association, Defendant.

Civ. No. 70–687.

United States District Court, D. Oregon.

Dec. 6, 1971.

Carey & Hanlon, Henry A. Carey, Jr., Portland, Or., Goldsmith, Siegel & Engel, Gerson F. Goldsmith, Brad Littlefield, Portland, Or., for plaintiffs.

Miller, Anderson, Nash, Yerke & Wiener, Fredric A. Yerke, Norman J. Wiener, R. Alan Wight, Portland, Or., for defendant.

## MEMORANDUM OPINION

ALFRED T. GOODWIN, District Judge:

On an agreed statement of facts and cross-motions for summary judgment, the court has for decision a segregated question whether the rates of interest charged certain borrowers by the defendant bank are usurious under 12 U. S.C. § 86. The National Banking Act incorporates the maximum-interest law of the state or territory where a national bank does business. 12 U.S.C. § 85.

During recent periods of high demand for commercial loans, the defendant charged certain individual and corporate borrowers interest computed respectively at 10% and 12% per annum. These are the statutory limits on the rates an Oregon lender may exact from individual and corporate borrowers. ORS 82.010. The bank computed plaintiffs' interest on the basis of a year of 360 days. During a calendar year, interest computed by the challenged method yields an interest return of 10.139% and 12.167% respectively.

The plaintiff borrowers assert that the bank's method of computation offends 12 U.S.C. § 86:

" * * * [C]harging a rate of interest greater than is allowed by * * * [Section 85], when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the per-

son by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: *Provided,* That such action is commenced within two years from the time the usurious transaction occurred. * * * "

The bank denies that its challenged interest schedules exceed Oregon's lawful rate, and asserts that even if an Oregon court should construe ORS 82.010 as the plaintiffs contend it should be construed, the bank's interest rates still would not be usurious within the meaning of Section 86.

No Oregon decision construing the words *per annum* in the 360-day context has been found. I do not know how the state courts will translate *per annum* if ever called upon to do so. But the words mean, in Latin, "by the year." The ordinary person assumes that a year, except leap year, has 365 days.

I have concluded that, because the bank's method of computation produces in a single calendar year more interest than would be produced by applying the maximum legal rate to a calendar year of 365 days, the challenged method of computation violates ORS 82.-010. See Ditmars v. Camden Trust Co., 10 N.J. 471, 92 A.2d 12, 25 (1952). Whether the practice could attain legitimacy by long usage is doubtful because only in periods of heavy borrowing and high interest would the question ever arise. Thus, it cannot be said that the Legislative Assembly has "acquiesced" in a practical construction of the law at odds with the plain meaning of its words.

The legislative intent in enacting usury laws is to protect borrowers from paying excessive interest. Usury legislation is a form of consumer legislation. It should be construed with regard to its net effect upon the borrower rather than upon the bookkeeping burden, customs, or convenience of the lender.

Since I hold that the use of the 360-day year in computing interest at the ceiling, or maximum, legal rate violates local law, the practice automatically violates 12 U.S.C. § 86, unless the court can say the excessive interest was not exacted "knowingly."

 The word "knowingly" ordinarily means that the act or omission was intentional. It is not necessary that the actor intended to break the law. It is enough that he intended the act. One may be ignorant of the law, and yet be found to have violated its demands. United States v. International Minerals & Chemicals Corp., 402 U.S. 558, 91 S. Ct. 1697, 29 L.Ed.2d 178 (1971).

Here, it is agreed that the bank knew that its computation of interest on the 360-day year would result in a borrower paying more in one year than the maximum legal rate when computed on a calendar year. Indeed, the record shows that the bank's computers and interest charts are geared to paying interest to depositors on the basis of a calendar year while charging interest to plaintiffs on the basis of the shorter year with the resulting higher yield. Clearly, then, the bank understood full well the different financial implications between using the 360-day year in the latter case and the 365-day year in the former.

If a bank chooses to elevate its interest charges to the legal ceiling, then it reduces the length of the year at its peril. If the bank is concerned about the judicial interpretation of the legal ceiling, it can protect itself by charging a rate that will be legal whichever way the courts might interpret the words "per annum."

The plaintiffs are entitled to proceed with the balance of this litigation upon the assumption that the bank has been in violation of 12 U.S.C. § 86 in each set of circumstances covered by the agreed facts.

Because of the importance of the segregated question to the parties and to the banking industry, I will certify the question as one appropriate under 28 U. S.C. § 1292(b) for an interlocutory appeal.

Plaintiffs' counsel will proceed forthwith to present an appropriate form of order.

Pending the decision upon the tendered appeal, all class-action proceedings under Rule 23 will be stayed, without prejudice by reason of such delay, however, to the rights of any class plaintiff whose claim has not yet been asserted.