**AMERICAN TIMBER & TRADING COMPANY, an Oregon corporation on its own behalf and on behalf of all corporations and individuals who have been and are presently being charged interest rates in excess of the rates permitted by law, Plaintiff-Appellee,**

v.

**FIRST NATIONAL BANK OF OREGON, Defendant-Appellant,**

v.

**Lawrence BERNARD, Individually and Dr. Lawrence Bernard, Professional Corporation, Intervening Plaintiff-Appellee.**

No. 72–1066.

United States Court of Appeals, Ninth Circuit.

Nov. 20, 1973.

Rehearing and Rehearing En Banc Denied Dec. 2, 1974.

Certiorari Denied April 14, 1975.

See 95 S.Ct. 1588.

Fredric A. Yerke (argued), Norman J. Wiener (argued), of Miller, Anderson, Nash, Yerke & Wiener, Portland, Or., for defendant-appellant.

Gerson F. Goldsmith (argued), of Goldsmith, Siegel & Engel, Portland, Or., Henry A. Carey, Jr., Carey & Hanlon, Portland, Or., for plaintiff-appellee.

Jesse Lee Griffin, Long Beach, Cal., and Matthew Hale (argued), Gen. Counsel, The American Bankers Assoc., Washington, D. C., amicus curiae.

Before CHAMBERS and CHOY, Circuit Judges, and KELLEHER,* District Judge.

CHOY, Circuit Judge:

Plaintiffs American Timber and Trading Co. (AT&T) and Lawrence Bernard and Dr. Lawrence Bernard, P.C. (Bernard) brought this class action claiming that the First National Bank of Oregon (the bank) charged usurious interest rates and thereby violated 12 U.S.C. §§ 85, 86.

The bank charged individual and corporate borrowers the Oregon statutory limits of interest at the rates of 10% and 12% per annum respectively for a 365 day year (ORS 82.010), but computed such interest on the basis of a 360 day year (365/360 method).[1] By using this method, the actal interest rates for a calendar year were 10.139% and 12.-167% respectively.

In the trial below, the district judge indicated that he wanted to segregate for advance determination the issue whether the 365/360 method was usurious under 12 U.S.C. § 86.[2] Therefore, on stipulated facts the parties filed cross-motions for summary judgment. The court concluded that, because the 365/360 method produces in a single calendar year more interest than would be produced by applying the maximum legal rate to a calendar year of 365 days, it violates ORS 82.010. Moreover, the court ruled that the bank knowingly exacted the excess interest and thereby violated 12 U.S.C. § 86. 334 F.Supp. 888 (D.Ore.1971). The district court certified the issue to this court as appropriate for interlocutory appeal. We affirm.

Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86 prescribe the rates of interest that may be charged by national banking associations and declare that the receiving of a rate of interest greater than that allowed, when knowingly done, shall be deemed a forfeiture of the entire interest due and in

---

* The Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

1. There are three different methods used in calculating interest. They are as follows:

    365/365: Under this method the rate of interest is divided by 365 and this produces a daily interest factor. The number of days that the loan is outstanding is then multiplied by this daily interest factor. Under this method a different amount of interest is charged for months of different lengths.

    360/360: Under this method each month is treated as having the same number of days (30). Thus, interest for each month is the same. However, for a calendar year the interest is exactly the same as that calculated by using the 365/365 method.

    365/360: The third method (the one used in this case) is a combination of the first two methods. The interest rate is divided by 360 days (30 days for each month) to create a daily factor. The number of days that a loan is outstanding is then multiplied by this daily factor. Thus interest charged for months of different lengths is different and interest charged for a calendar year is greater than interest charged under either the 365/365 or 360/360 methods.

2. Although the district court ruled that the case should proceed as a class action, the court held this aspect of the case in abeyance pending the resolution of the substantive issues. On appeal both parties raise questions relating to the class action aspects of the case. This issue was not certified and therefore we do not consider it.

case the greater rate of interest has been paid, the borrower may recover twice the amount of the interest paid. Section 85 provides that a bank may charge interest at the rate allowed by the laws of the state where the bank is located. The National Bank Act "adopts usury laws of the states only in so far as they severally fix the rate of interest." Evans v. National Bank of Savannah, 251 U.S. 108, 111, 40 S.Ct. 58, 59, 64 L.Ed. 171 (1919).

Thus, we must first look to Oregon law to determine if the rate charged in the instant case was excessive. An Oregon lender may exact from individual and corporate borrowers 10% and 12% *per annum* respectively. ORS 82.010. Unfortunately there is neither legislative history, nor are there court decisions construing the words *per annum* in the 360 day context. The district court determined that the Latin words *per annum* mean "by the year" and that the ordinary person assumes that a year, except leap year, has 365 days; thus, because the bank's method of computation produces in a single calendar year more interest than would be produced by applying the maximum legal rate to a calendar year of 365 days, the challenged method of computation violates ORS 82.010.

█ █ We attach great weight to the district court's determination as to the law of the particular state in which it sits, especially where, as here, there has been no clear exposition of the controlling principle by the highest court of Oregon. Insurance Co. of North America v. Thompson, 381 F.2d 677, 681 (9th Cir. 1967). The district court's determination will be accepted on review unless shown to be clearly wrong. Owens v. White, 380 F.2d 310, 315 (9th Cir. 1967). The bank has not convinced us that the decision of the district court (Judge Goodwin, a former Justice of the Oregon Supreme Court) is a clearly incorrect statement of Oregon law.

█ █ The bank contends that even if the rate charged is excessive, the loans were not usurious because the loan contracts were at rates permitted by law. Thus, the money received in excess of the legal rate is not interest, but an overcharge. We see no merit to this contention. Although the literal terms of the loan agreements provided for 10% and 12% interest, it was implicit in the agreement that the bank would calculate interest on its customary basis of a 360 day year. Moreover, Oregon law does not require that a usurious rate be specified in the loan agreement. The exacting of a greater rate of interest is sufficient to constitute usury. ORS 82.120(2), Balfour v. Davis, 14 Or. 47, 52, 12 P. 89, 92 (1886).

█ The bank further contends that it did not intend to violate the law, so it did not knowingly exact excess interest. We disagree. While the bank may not have realized that its method of computation was illegal, it was agreed that the bank knew that its computation of interest on the 360 day year would result in a borrower paying more in one year than at the maximum legal rate when computed on a calendar year. The act of charging the excessive interest was intentional. This is sufficient to constitute a knowing violation of the law. United States v. International Minerals & Chemical Corp., 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971).

The bank also challenges the ruling of the district court on the ground that it was precluded from producing any evidence of banking custom. The bank contends that the use of a 365/365 method creates difficult computations and, therefore, for reasons of convenience the banking community considers it proper to use the simpler 365/360 method. The district court noted that the legislative intent in enacting usury laws is to protect borrowers from paying excessive interest. The court felt the act should be construed with regard to its net effect upon the borrower rather than upon the bookkeeping burden, custom, or convenience of the lender. The court noted that the bank used the 365/365 method to

compute interest it paid to its depositors. Moreover, the court doubted whether the practice could obtain legitimacy by long usage because only in periods of high interest and heavy borrowing would the question ever arise. Therefore, it concluded that it could not be said that the Legislative Assembly has acquiesced in a practical construction of the law at odds with the plain meaning of its words. Again, we agree with the district court's ruling.

■■ In September, 1971, the Oregon legislature enacted a provision which limits the defense of usury to transactions involving less than $50,000. ORS 82.125. It is undisputed that the nominal plaintiffs in this case had loans in excess of $50,000, although these loans were contracted prior to September, 1971. The bank, however, contends that the new Oregon legislation removes not only the defense of usury, but also any claim to recover usurious interest. We disagree with the bank's construction of this legislation. Plaintiffs' law suit commenced almost a year before ORS 82.125 became effective. Absent a clear, express intention, legislation in Oregon is not normally applied retroactively. Seton v. Hoyt, 34 Or. 266, 55 P. 967 (1899); Smith v. Clackamas County, 252 Or. 230, 448 P.2d 512 (1968). Nothing in either the language of the statute or the legislative history indicated a desire to eliminate causes of action that had already accrued prior to the passage of the act. Again, we see no basis for a reversal.

■ Finally, the bank contends that we should give our ruling only prospective effect. We have given this issue serious consideration, and have decided that it would be inadvisable to give this decision only prospective effect. First, we cannot deny plaintiffs the fruits of successful litigation. Simpson v. Union Oil Co., 396 U.S. 13, 90 S.Ct. 30, 24 L.Ed. 2d 13 (1969). Second, we do not think that the ruling in the instant case qualifies for prospective application under the three-prong test established by the Supreme Court in Chevron Oil Co. v. Hudson, 404 U.S. 97, 106–107, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Our decision is not overruling clear past judicial precedent on which the bank may have relied. Hanover Shoe v. United Shoe Machinery Corp., 392 U.S. 481, 496, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968). The bank contends that it relied upon industry custom. As we said earlier, we doubt the existence of such custom,[3] but even if it were industry practice, it is highly unlikely that this would be sufficient to justify nonretroactive application. Any claim by the banking industry that ease of calculation is justification for exacting higher interest is of dubious validity in this age of computer technology. We think nonretroactive application would retard the operation of the rule announced today. Linkletter v. Walker, 381 U.S. 618, 629, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). We also doubt that this decision will create great hardships as the bank suggests. Our decision is limited to a construction of Oregon law. Oregon limits the usury defense to loans of less than $50,000 (if made after September, 1971). The National Bank Act contains a short two-year statute of limitations. Undoubtedly a significant number of borrowers will take advantage of this decision, but the disastrous consequences suggested by the amicus curiae, American Bankers Association, are greatly exaggerated. Therefore, the decision in

---

3. Nationwide surveys indicate that although the 365/360 method is used there is no definite, uniform, long-established custom. The results of a Federal Reserve Board survey were summarized by Congressman Patman as follows:

This practice [use of the 365/360 method] is not standard or uniform in any way. It varies among banks with respect to the types of loans or maturities of loans subjected to the practice. It varies even in many instances within the same bank with respect to the type of loans and maturity of loans to which the practice is applied, and it varies significantly from one part of the country to another. 117 Cong.Rec. 18539 (1971) (Remarks of Congressman Patman).

this case does not justify any special treatment such as prospective application.

Affirmed and remanded for further proceedings consistent with this opinion.

CHAMBERS, Circuit Judge (concurring):

I concur in the foregoing opinion on the basis of precedent. Certainly what the bank was doing was not venal. This is not a case of loan sharking. I think the situation cries out for an amendment to the federal statutes to permit what was done here, i. e., 365/360.

Also, I think this is a case where our class action rules present a monstrosity. I was a lawyer once, and I am sure that most of the members of the class have never met the attorneys for plaintiffs. If outset solicitation of the business were proper, I am sure most of the "class" would have said, "No thank you."

As I understand it, the district court has not yet fully defined the class and has not specifically ruled on the "small loans" question.