QUESTIONS: 1. Is it a violation of Ch. 687, F.S. (Interest and Usury), for a lender to calculate interest on a 360-day year, when an individual is charged the maximum rate of 10 percent interest? 2. What is meant by the term "per annum" as it relates to interest?
SUMMARY: It is a violation of Ch. 687, F.S., for a lender, except those lenders, loans, or securities specifically excepted or exempted by law, to calculate interest on the basis of a 360-day year instead of a 365-day year when an individual is charged the maximum rate of 10 percent interest per annum. The term "per annum" means "by the year" which in its ordinary meaning is understood to mean a period of time of 365 days. I have been informed that the questions posed were considered for internal administrative purposes within the Comptroller's office by memorandum opinion CO-73-12-B dated July 26, 1973. Since that time the case of The First National Bank of Oregon v. American Timber and Trading Company, 334 F. Supp. 888, has been decided on appeal in American Timber and Trading Company v. The First National Bank of Oregon, 511 F.2d 980 (9th Cir. 1973) cert. den.,95 S.Ct. 1588. The Ninth Circuit affirmed the lower court which had held that the Latin words "per annum" mean "by the year" and that the ordinary person assumes that a year, except leap year, has 365 days. Accordingly, the court reasoned that since the bank's method of computation (365/360-day method) produces in a single calendar year more interest than would be produced by applying the maximum legal rate to a calendar year of 365 days, the challenged method was in violation of the Oregon usury statute. The court rejected a contention made by the bank that the 365/360 method of computing interest was well known banking practice which had been long in use, and since the legislative assembly had apparently acquiesced in such construction of the law since it had not been altered, the term per annum should be interpreted as allowing the 365/360 method. Both the district court and the Ninth Circuit Court of Appeals rejected these contentions. Accordingly, question 1 is answered in the affirmative. I would call your attention, however, to the exceptions and exemptions found in Ch. 687, F.S., for certain lenders and certain loans, obligations, and securities. The previously mentioned decision defines the term per annum as meaning by the year, pointing out that by the year is commonly understood to mean 365 days, except in leap year. Per annum is not defined in Ch. 687, supra. The case of Silver Sands v. Pensacola Loan and Savings Bank, 174 So.2d 61 (1 D.C.A. Fla., 1965) considered this term, stating at p. 66: In construing the words "The right to * * * charge * * * a discount not to exceed eight per cent per annum", we are compelled to adhere to the common usage given the words "discount" and "per annum" since the same are not defined by statute. "Discount" means "the taking of interest in advance" and "per annum" means "by the year." Accordingly, it is my view that the term per annum means by the year which is commonly understood to cover a period of 365 days as opposed to 360 days. This answers question 2.