Arthur A. BOYLE and Arthur A. Boyle Co., Inc.

v.

LEVITON MANUFACTURING CO., INC.

No. IP 80–210–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

Dec. 23, 1981.

C. Warren Holland, of Holland & Tabor, and C. Fred Miller, Jr., of Johnson & Weaver, Indianapolis, Ind., for plaintiffs.

Donald E. Knebel, of Barnes & Thornburg, Indianapolis, Ind., for defendant.

### ORDER

STECKLER, Chief Judge.

This matter is before the Court on the motion of defendant, Leviton Manufacturing Co., Inc., for attorneys' fees under Fed. R.Civ.P. 37(c). More specifically, the defendant (Leviton) requests an order requiring the plaintiffs, Arthur A. Boyle and Arthur A. Boyle Co., Inc., to pay the attorneys' fees incurred by Leviton on its motion for summary judgment (which this Court granted on April 7, 1981), such fees allegedly being the result of the plaintiffs' denial of facts in Leviton's request for admissions which facts would have been dispositive of this lawsuit had the plaintiffs admitted them. Leviton asks this Court to determine the fees reasonably incurred by Leviton after a hearing where all parties could submit probative evidence on attorneys' fees.

This action stems from an alleged contractual relationship between the plaintiffs and defendant. Plaintiffs' seven-count complaint charged Leviton with breach of contract, fraudulent misrepresentation, negligent misrepresentation, interference with contractual relations, breach of fiduci-

ary duties, violation of implied covenants of good faith and fair dealing, willful or wanton misconduct and outrage. In the course of the discovery phase of this action, Leviton deposed Mr. Boyle to establish the factual basis for the complaint. Subsequently, on July 15, 1980, Leviton served requests for admissions on the plaintiffs, which requests sought admission of certain matters involving the application of law to fact; however, the plaintiffs denied the requested admissions. Leviton followed the plaintiffs' denial of its requests for admissions with a motion for summary judgment. After the plaintiffs answered the latter motion, this Court on April 7, 1981, granted summary judgment on all seven counts in favor of Leviton. Significantly, between the time of the plaintiffs' refusal to admit any of the matters raised by Leviton's requests for admissions and the plaintiffs' answer to Leviton's motion for summary judgment, the plaintiffs did not conduct any discovery in this action.

After this Court entered summary judgment in favor of Leviton and before the plaintiffs filed their notice of appeal, Leviton on April 24, 1981, filed its Fed.R.Civ.P. 37(c) motion for attorneys' fees with a supporting brief. The plaintiffs have not filed a response to this motion. Essentially, Leviton argues that the plaintiffs' refusal to admit certain matters involving the application of law to fact as a mechanism for narrowing the issues before the Court necessitated Leviton's preparation and filing of elaborate briefs to support its summary judgment motion. Now Leviton seeks reasonable attorneys' fees for its effort, said fees to be determined at an evidentiary hearing.

■ Before this Court can address the substantive question of Leviton's entitlement to attorneys' fees under Fed.R.Civ.P. 37(c), the Court must determine if it has jurisdiction to rule on Leviton's motion since the plaintiffs' appeal of the summary judgment is pending before the Seventh Circuit Court of Appeals.

Ruling on the jurisdictional issue before this Court, the Seventh Circuit has held

"that Rule 37(c) expenses and fees must be timely sought prior to judgment and appeal, . . . ." *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 778 (7th Cir. 1975). If the expenses and fees are not sought prior to appeal and the final judgment is silent in regard thereto, the issue is waived. *Id.* The implicit premise for the *Popeil Bros., Inc.* decision is the general rule that

"[t]he filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal. It diverts the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes . . . or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court of appeals." 9 Moore's Federal Practice, ¶ 203.11, pp. 3–44, 3–46 to 3–47 (2d ed. 1980); *accord, G & M, Inc. v. Newbern*, 488 F.2d 742 (9th Cir. 1973).

This Court would be predisposed to follow the rule set forth in *Popeil Bros., Inc. v. Schick Elec., Inc., supra*, except for the recent Seventh Circuit opinion in *Terket v. Lund*, 623 F.2d 29 (7th Cir. 1980), which involved an action under 42 U.S.C. § 1988. The district court entered summary judgment on all counts of the complaint in favor of the defendants and, subsequently, the defendants moved for attorneys' fees under § 1988. Following the latter motion, the plaintiff filed his notice of appeal from the summary judgment. The plaintiff failed to respond to the defendants' motion for attorneys' fees which the district court later granted awarding the defendants' attorneys' fees totalling $1,000.00. Because the plaintiff failed to file a second notice of appeal on the attorneys' fees issue but did brief this issue in its argument on the summary judgment appeal, the Seventh Circuit *sua sponte* considered the question of its jurisdiction to review the attorneys' fee award. The Court of Appeals held it lacked jurisdiction to review the award since it was entered after judgment was granted on

the merits and the plaintiff did not file a notice of appeal from the fees award.

Despite its lack of jurisdiction over the attorneys' fees issue, the Seventh Circuit exercised its supervisory powers and considered the propriety of the procedure followed by the district court in awarding attorneys' fees under § 1988. Initially, the Court of Appeals acknowledged the general rule, stated by Professor Moore, *supra*, divesting the district court of jurisdiction once the notice of appeal was filed. However, the Seventh Circuit observed that the general rule " 'is a judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time. *It should not be employed to defeat its purposes no[r] to induce needless paper shuffling.*' " *Terket v. Lund, supra,* 623 F.2d at 33, quoting 9 Moore's Federal Practice ¶ 203.11, p. 3–45 n. 1, *supra.* (Emphasis added.) The *Terket* court further recognized that the district court in ruling on the fees motion had to account both for the relative merits of the plaintiff's case and the result obtained. However, such a deliberation did not require

> "the sort of reconsideration of the merits which could lead to altering the substantive judgment or in any way interfere with the pending appeal. The district court merely takes the merits into account, along with many other factors, in making a discretionary decision entirely distinct from the underlying judgment. Thus the policy against two courts treating the same issues concurrently does not require withdrawing the district court's power to decide attorneys' fees motions while an appeal is pending." *Terket v. Lund, supra,* 623 F.2d at 34.

In its application of the above rationale, the Seventh Circuit noted that if the general rule was applied to the *Terket* facts, two appeals would have been required. Conversely, if the purpose of the general rule was followed, the district court could rule on the attorneys' fees motion while the attorneys' efforts on the substantive case was fresh in the court's mind and, significantly, any appeal of the fees decision possibly could be consolidated with the appeal of the summary judgment. Consequently, the Seventh Circuit held that district courts within the circuit "should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible" and if an appeal is noticed from the fees decision, the latter appeal should be consolidated with the pending appeal of the merits. *Id.*

This Court feels the rationale of *Terket* is particularly applicable to the Rule 37(c) motion considered herein. The Court entered summary judgment for Leviton on April 7, 1981, and on April 24, 1981, Leviton filed its Rule 37(c) motion. Because the plaintiffs had to file their notice of appeal within thirty (30) days of the summary judgment, this Court would have had thirteen (13) days to rule on Leviton's motion. However, since the motion allows an answer from the plaintiffs and a full hearing on the motion, "it is impractical to expect the district court to rule so quickly." *Terket v. Lund, supra,* 623 F.2d at 34. Following the holding and rule of the Seventh Circuit in *Terket v. Lund, supra,* this Court holds it has jurisdiction to rule on Leviton's Rule 37(c) motion.

■ This Court now turns to the substantive question raised by Leviton's Rule 37(c) motion, *i.e.,* is Leviton entitled to attorneys' fees due to the plaintiffs' refusal to admit the matters contained in Leviton's requests for admission.

Rule 36(a) states in part:

> "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of [Fed.R.Civ.P.] 26(b) set forth in the request that relate to statements or opinions of fact or of *the application of law to fact,* including the genuineness of any documents described in the request...." [Emphasis added.]

The 1970 Advisory Committee Note on Rule 36(a), quoted at 4A Moore's Federal Practice ¶ 36.01[7], p. 36–10 (2d ed. 1981), observes that "an admission on a matter of opinion may facilitate proof or narrow the issues or both. An admission of a matter

involving the application of law to fact may, in a given case, even more clearly narrow the issues."

Leviton sought admissions from the plaintiffs of matters involving the application of law to fact and Leviton's design was to narrow the issues in this lawsuit. As Leviton states in its supporting brief to the Rule 37(c) motion considered herein, which the plaintiffs have failed to contest through filing an answer brief, Leviton's requested admissions would have established that:

(1) any contract between Leviton and the plaintiffs was terminable at will;

(2) such a contract was modified by the plaintiffs' continued acceptance, without protest, of reduced premiums;

(3) the plaintiffs waived any claims they may have had under any theory by continuing to deal with Leviton after learning of the alleged wrongs; and

(4) all claims in Counts III–VII of the complaint were barred by the applicable statute of limitations.

In granting summary judgment in favor of Leviton on every defense to all seven counts of the complaint, this Court stated that all contentions raised by the plaintiffs were without merit as a matter of law. More specifically, this Court found the contract claim "untenable for several reasons," summary judgment order (April 7, 1981), p. 2, including:

(1) any contract was terminable at will;

(2) Leviton possessed the right to reduce at any time the plaintiffs' commission rate;

(3) the plaintiffs' acceptance of alterations in their commission rates modified any contract which may have existed; and

(4) the plaintiffs waived any claims they may have possessed under any theory by continuing to deal with Leviton in a manner contradictory with the assertion of the alleged rights. Findings of Fact, Nos. 9–14; Conclusions of Law, Nos. 1–4, 11.

Obviously these conclusions, which were based on Leviton's exhaustive briefs, were precisely those which the plaintiffs refused to admit.

Rule 37(c) states:

"If a party fails to admit . . . the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of . . . the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making the proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit."

Applying the above four exceptions to the facts of this case, the Court believes the plaintiffs are outside these exceptions and, therefore, Leviton is entitled to reasonable attorneys' fees.

The first exception is not applicable to the plaintiffs' refusal to admit the requested matters for two reasons. First, the plaintiffs responded without objecting to any of the requested admissions thereby waiving any objections and subjecting themselves to attorneys' fees. *See* 8 Wright & Miller, Federal Practice and Procedures, § 2290, p. 806 (1970). Second, the requests for admission sought the application of law to fact which is expressly authorized by Rule 36(a), *supra*. The second exception is unavailable to the plaintiffs since the requested admissions were dispositive of the lawsuit as indicated by the summary judgment. The third exception is inapplicable since the plaintiffs' denials were not justified because the requests sought to apply law to facts as taken from matters, including Mr. Boyle's deposition, discovered by the parties prior to Leviton's serving its requests for admissions. Finally, the fourth exception fails to provide the plaintiffs a defense to this Rule 37(c) motion for the same reason the third exception is not ap-

plicable. Additionally, this Court observes that the plaintiffs by failing to answer Leviton's Rule 37(c) motion have not provided any "good reason" for refusing to admit the matters requested by Leviton.

Summarizing the above order, this Court holds that it has jurisdiction to hear Leviton's Rule 37(c) motion and that Leviton is entitled to reasonable attorneys' fees under Rule 37(c). Accordingly, a hearing on Leviton's reasonable attorneys' fees will be held, and the Clerk is directed to issue notice for such a hearing.

IT IS SO ORDERED.