**Andrew PANTELEAKIS, Plaintiff,**

v.

**Zannis and Mary KALAMS, Defendants.**

**Civ. A. No. 86–0126–L.**

United States District Court, D. Rhode Island. First Division.

May 5, 1987.

Mark P. Dolan, Providence, R.I., for plaintiff.

Susan Huntley, Licht & Semonoff, Providence, R.I., for defendants.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is before the court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Plaintiff, Andrew Panteleakis is the assignee of a secured term note executed by defendants. Alleging that defendants are in default of their obligations under the instrument, plaintiff seeks to recover the unpaid principal balance, interest thereon, costs and attorney's fees. Presently pending before the Court is plaintiff's motion for entry of summary judgment in his favor pursuant to Fed.R.Civ.P. 56.

The note, in the principal amount of $50,-000 and evincing a commercial loan, was executed by defendants in favor of the lender, Gaco Equity Finance Corporation (Gaco), on May 29, 1979. Gaco assigned its right, title and interest in the note to plaintiff as of September 1, 1983. The indebtedness was secured by a second mortgage on real property owned by defendants. Pursuant to the terms of the instrument, repayment of principal and interest was to commence on June 1, 1982, in twenty-four monthly installments.

Interest was to be calculated according to a variable per-annum rate equal to three percent above the prime lending rate charged by Industrial National Bank (now

Fleet National Bank) for 90–day unsecured commercial loans. Each change in the applicable interest rate was to become effective on the date of each adjustment in the bank's prime rate.

On November 5, 1986, pursuant to Fed. R.Civ.P. 36(a), plaintiff served written requests for admissions upon defendants. Plaintiff sought, *inter alia,* admissions that since September 1983 defendants have failed to make any payments under the note and that the unpaid principal balance, in the amount of $30,097.88, plus interest is due and owing. Despite having been granted an extension of time in which to do so, defendants failed to serve upon plaintiff any answers or objections to the requests for admission. Accordingly, for purposes of the instant action, such matters are deemed admitted. Fed.R.Civ.P. 36. Further, it is undisputed that, as of February 20, 1987, accrued interest on the unpaid principal balance totalled $13,700.61.

Defendants, however, have asserted the defense of usury. Defendants do not contend that the note is usurious on its face.[1] Rather, defendants contend that the method of interest calculation employed by Gaco prior to the assignment of the note to plaintiff resulted in exaction of a usurious finance charge.

R.I.Gen. Laws 1956 (1985 Reenactment) § 6–26–2, prohibits imposition of interest charges at a rate in excess of twenty-one percent per annum. Section 6–26–4 provides in pertinent part:

"Every contract hereafter made in violation of any of the provisions of § 6–26–2 * * * shall be usurious and void."

An examination of the exhibits accompanying the affidavit of former Gaco controller Gretchen E. Maurer reveals that Gaco employed the "365/360 method" of calculating interest on the note. There are three methods of calculating interest. (1) 365/365 method. Under this method a daily interest factor is obtained by dividing the annual rate of interest by 365 days. This factor is then multiplied by the unpaid principal balance and the product by the exact number of days in the applicable interest period. (2) 360/360 method. Each month is treated as having 30 days. However, for a calendar year the total interest accrued would equal that calculated by using the 365/365 method. (3) 365/360 method. A daily interest factor is obtained by dividing the interest rate by 360 days. The interest charge is then calculated by multiplying the unpaid principal balance by the daily factor and then by the exact number of days in the interest period. The resulting interest charge imposed under this method will be greater than that obtained by employing either the 365/365 or 360/360 methods. *American Timber & Trading Co. v. First National Bank of Oregon,* 511 F.2d 980, 982 n. 1 (9th Cir.1973), *cert. denied,* 421 U.S. 921, 95 S.Ct. 1588, 43 L.Ed.2d 789 (1975). Utilization of the 365/360 method results in an effective annual interest rate 1/72 greater than the specified rate. *Voitier v. First National Bank of Commerce,* 514 F.Supp. 585, 587 (E.D.La.1981).

At certain times during the repayment period, Fleet's prime lending rate on 90–day unsecured commercial loans equaled or exceeded eighteen percent thus, pursuant to the note's terms, requiring application of the maximum legally permissible interest rate of twenty-one percent per annum. On such occasions, and contrary to its former controller's averment, Gaco's employment of the 365/360 method resulted in the exaction of an effective annual interest rate in excess of the statutory maximum.

Although courts in construing statutes similar to § 6–26–2 have adopted divergent positions on the issue, *compare e.g., American Timber & Trading Co. v. First National Bank of Oregon, supra* and *Beazley v. Georgia Railroad Bank & Trust Co.,* 144 Ga.App. 215, 241 S.E.2d 39 (1977), the Rhode Island Supreme Court has never addressed whether an interest charge in excess of the statutory maximum will be deemed usurious when such excess results

---

1. In fact, by failing to respond to plaintiff's requests for admission, defendants are deemed to have admitted "[t]hat the note is not usurious per se." *Plaintiff's First Request for Admissions by the Defendants,* request no. 17 (November 5, 1986).

solely from utilization of the 365/360 method of interest calculation. However, for the reasons that follow, resolution of this issue is unnecessary in disposing of the instant matter.

In his requests for admissions, plaintiff sought an admission by defendants that he is the holder in due course of the note. Such a request involves the application of law to fact and is proper under Fed.R. Civ.P. 36(a). *Boyle v. Leviton Manufacturing Co.*, 94 F.R.D. 33 (S.D. Ind.1986). Therefore, by failing to answer or object to that request, defendants have admitted plaintiff's preferred status.

Pursuant to R.I.Gen. Laws (1985 Reenactment) § 6A–3–305(2) and subject to certain exceptions enumerated therein, one who acquires an instrument as a holder in due course takes free from all defenses of any party to the instrument with whom the holder has not dealt. Contrary to defendant's assertions, none of the exceptions to this general rule is applicable here.

Section 6A–3–305(2)(b) provides, *inter alia,* that a holder in due course does not take free of the defense of illegality of the transaction where the result of such illegality would be to render the obligation a nullity. Pursuant to § 6–26–4 contracts made in violation of any provision of § 6–26–2 are usurious and void. However, assuming without deciding that § 6–26–4 applies with equal force when a finance charge in excess of the statutory maximum results solely from employment of the 365/360 method of interest calculation, § 6–26–4, and accordingly § 6A–3–305(2)(b), are inapplicable to the instant matter. Section 6–26–4 expressly provides that "nothing herein contained shall affect the rights of an indorsee or transferee of a negotiable instrument, who purchases the same before maturity, for value, and without notice of its usurious character." By admitting that plaintiff is a holder in due course defendants have conceded that plaintiff obtained the note for value and without notice of defendants' usury defense.[2] Therefore, assuming, *arguendo,* that Gaco exacted usurious interest payments from defendants, such a defense cannot be successfully asserted against plaintiff here.

For the above reasons, as a matter of law, plaintiff is entitled to judgment in his favor in the amount of the unpaid principal balance due under the instrument, plus accrued interest. However, that does not end the matter. Plaintiff also asserts a claim for attorney's fees under the note. Defendants contest the appropriateness of the amount sought by plaintiff.

Pursuant to the instrument's terms, defendants agreed "to pay all costs and expenses of collection of this note and/or enforcement of the Lender's rights with respect to any property securing payment hereof, including reasonable attorney's fees." The note defines "lender" as including Gaco's successors, indorsees and assigns.

However, the Court is without information sufficient to determine a reasonable counsel fee. The materials supplied by plaintiff, including computer printouts relating to time expended by his attorneys on the matter, are not comprehensive. Therefore, a hearing on the issue of attorney's fees is necessary.

Accordingly, "partial" summary judgment in favor of plaintiff is granted in the amount of $30,097.88, the unpaid principal balance of the note executed by defendants, plus $13,700.61, the amount of accrued interest as of February 20, 1987, for a total award of $43,798.49. Plaintiff's motion is denied insofar as he seeks an award of attorney's fees.

The Court will conduct a hearing on the reasonableness of the counsel fees sought. At that time, the Court will receive any additional evidence, including documentary materials, that the parties may wish to present. For guidance in presentation of evidence sufficient to enable the Court to

---

**2.** By definition, a holder in due course is a holder who takes the instrument for value, in good faith and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. R.I.Gen. Laws 1956 (1985 Reenactment) § 6A–3–302(1).

render a decision on the issue, counsel is referred to *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945 (1st Cir.1984). The clerk will not enter judgment until the Court has resolved the counsel fee issue.

*It is so Ordered.*